Thomas S. Hammerle, Petitioner *v.* Workmen's Compensation Appeal Board (Department of Agriculture, Bureau of Dog Law Enforcement), Respondents.

Submitted on briefs March 15, 1985, to Judges CRAIG, BARRY and COLINS, sitting as a panel of three.

*Timothy P. Creany, Long, Pawlowski, Creany & Tulowitzki*, for petitioner.

*Walter Werner,* Assistant Chief Counsel, for respondents.

OPINION BY JUDGE CRAIG, April 4, 1985:

Thomas Hammerle appeals an order of the Workmen's Compensation Appeal Board which affirmed the referee's denial of benefits. We must determine[1] whether the board correctly concluded that Hammerle's emotional disability was not caused by work-related stress, and therefore was not a compensable injury within the meaning of section 301(c) of The Pennsylvania Workmen's Compensation Act,[2] 77 P.S. §411.

---

[1] Where, as here, the party with the burden of proof did not prevail before the referee and board, review by the Commonwealth Court is limited to determining whether the referee capriciously disregarded competent evidence or committed an error of law. *K-Mart Corp. v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 52, 424 A.2d 956 (1981).

[2] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1066.

The claimant worked as an enforcement officer for the Commonwealth of Pennsylvania, Department of Agriculture, Bureau of Dog Law Enforcement. Within his assigned territory of Cambria County, the claimant was responsible for inspecting kennels, responding to complaints about loose and stray dogs, patroling the county for wayward and rabid dogs, investigating larceny and killing of dogs, preparing necessary reports, and otherwise enforcing dog law in Cambria County.

The claimant's supervisor, Mr. Harteis, testified that enforcement officers worked out of their homes, and were permitted to make their own schedules. Mr. Harteis allowed the officers to perform their assigned duties at their convenience, giving priority to the occasional emergency. Mr. Harteis further testified that the claimant's work was "very good," and that he had never had to reprimand him for slow or unsatisfactory job performance.

The claimant testified that he could not complete his duties within the normal working hours, and that he felt that he was spreading himself "far too thin."

On his last day of work, July 21, 1979, the claimant attended two magistrate hearings and returned home where he began to tremble and shake, experienced distress in the chest area, and developed a headache and vomiting. He consulted several physicians who could find no organic cause for his symptoms. Based on the claimant's complaints about work, the doctors therefore, attributed his symptoms and increasing psychiatric problems to stress associated with his work. The claimant filed a petition for benefits claiming that his illness was caused by work-related stress.

This court has recognized that mental and nervous disabilities resulting from work-related stress may be

compensable injuries under section 301(c) of the Act, 77 P.S. §411. *See Bell Telephone Co. of Pennsylvania v. Workmen's Compensation Appeal Board (DeMay and Salsberry),* 87 Pa. Commonwealth Ct. 558, 487 A.2d 1053 (1985). However, the degree of proof required in such cases is quite high. "Due to the highly subjective nature of phychiatric injuries, the occurrence of the injury and its cause must be adequately pinpointed." *Thomas v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 449, 455, 423 A.2d 784, 787 (1980).

The medical evidence presented by both the employer and the claimant adequately established that Hammerle suffered from psychiatric or emotional disability. However, the record contains no evidence pinpointing the cause of that disability, except the claimant's general claim that the job was too demanding. Mr. Harteis rebutted that claim by testifying that he had little trouble performing both his own job and the claimant's job when the claimant took a leave of absence.

The claimant contends that the test for compensable psychiatric injury is subjective, and that he need only prove that he perceived the job situation to be stressful. Therefore, the claimant contends, the referee erred in applying an objective standard to his case. However, the law of this Commonwealth is to the contrary. In *Thomas,* where this court disallowed benefits to a claimant whose disability stemmed from his fear that a job site explosion would recur, we held that "evidence of an employee's subjective reaction to being at work and being exposed to normal working conditions is . . . [not a compensable] injury under the act." 55 Pa. Commonwealth Ct. at 456, 423 A.2d at 788. Hammerle presented no evidence that his working conditions were abnormal, nor that any spe-

cific employment event, other than the every day stress of his job, precipitated his psychiatric disability.

The claimant's perception of pressure from his supervisor was not verified as accurate by the supervisor, nor by the claimant's own description of his working conditions, and was, therefore, insufficient to establish causation. In *Hirschberg v. Workmen's Compensation Appeal Board (Commonwealth of Pennsylvania, Department of Transportation)*, 81 Pa. Commonwealth Ct. 579, 474 A.2d 82 (1984), where the court affirmed the denial of benefits to an employee who claimed to be disabled by his supervisor's harassment, we explicitly held that, to be compensable, work-related stress must be caused by actual, and not merely perceived or imagined, employment events. *See also Moonblatt v. Workmen's Compensation Appeal Board (City of Philadelphia)*, 85 Pa. Commonwealth Ct. 128, 481 A.2d 374 (1984) (benefits denied to attorney who claimed that his mental collapse was caused by job pressure and crowded working conditions which the court did not find abnormal).

Similarly here, our review of the record discloses no evidence that Hammerle's working conditions were actually abnormal, nor evidence that his disability was caused by other than his subjective reaction to normal working conditions.

The claimant also argues that the referee abused his discretion by failing to permit him to present additional expert medical testimony. By letter dated February 25, 1981, the referee informed both parties that the employer had requested him to close the case without the presentation of any further evidence. By May 11, 1981, the referee had received no response to that letter from either party, and therefore closed the case. In view of that time permitted for response, we do not believe that the referee abused his discretion

in refusing to reopen the case for the presentation of additional medical testimony as requested by claimant's letter dated May 14, 1981.

Accordingly, we affirm.

### Order

Now, April 4, 1985, the order of the Workmen's Compensation Appeal Board at A-81635, dated May 13, 1982, is affirmed.