624 A.2d 240

**Hollister SHERRILL, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (SCHOOL DISTRICT OF PHILADELPHIA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 15, 1993.

Decided March 31, 1993.

494

John F. McElvenny, for petitioner.

Sally A. Farrell, for respondent.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Hollister Sherrill appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a decision of the referee denying Sherrill's claim petition under The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

Sherrill was employed by the School District of Philadelphia as a teacher's aide. On December 7, 1984, while in the course of her employment, she was struck on the right knee by a wooden chair which was being dragged across the floor by a co-worker. Sherrill continued to work that day, but missed work as a result of a problem with her knee from December 12, 1984, through January 27, 1985. She returned to work on January 28, 1985, and continued to work until September 1985 when she retired.[1]

In the meantime, on August 20, 1985, Sherrill had filed a claim petition alleging that she had become disabled as a

---

1. At the time of the incident on December 7, 1984, Sherrill was 66 years old and had been employed by the District for seventeen years.

result of the accident on December 7, 1984. Hearings were held and both parties submitted depositions from their medical experts. In addition, the District presented the testimony of a vocational expert who testified concerning Sherrill's ability to return to a modified position. Following the hearings and submission of evidence, the record was closed and the referee directed both parties to submit proposed findings of fact and conclusions of law.

Following submission of the proposed findings and conclusions, on September 28, 1988, the referee contacted the parties and informed them that he was having difficulty arriving at a decision in the case because of what he discerned to be a typographical error contained in the deposition transcript of the District's medical expert, Dr. Auday. Accordingly, the referee reopened the record to allow clarification of the error and allowed Dr. Auday to be redeposed.[2] The record was again closed on May 17, 1989 and the referee, on June 14, 1990, issued his decision dismissing the claim petition. Sherrill appealed to the Board, which affirmed the referee, and appeal to this Court followed.[3]

On appeal, Sherrill argues that (1) the referee erred as a matter of law by failing to conclude that the District's proposed findings of fact and the submission of Dr. Auday's first deposition into evidence constituted binding admissions of her disability; (2) the referee should have considered the District's proposed findings of fact as part of the record; (3) the referee abused his discretion by reopening the record and ordering the redeposition of Dr. Auday and; (4) the findings of fact are not supported by substantial evidence.

2. The District had attempted to clarify the error by producing the original notes of testimony taken at the deposition and having the court reporter testify as to what Dr. Auday had said, but the original court reporter could not be located.

3. Our scope of review is limited to a determination of whether constitutional rights have been violated, whether the referee has committed an error of law or whether all of the necessary findings of fact are supported by substantial evidence. *Czap v. Workmen's Compensation Appeal Board (Gunton Corp.)*, 137 Pa.Commonwealth Ct. 612, 587 A.2d 49, *petition for allowance of appeal denied*, 527 Pa. 654, 593 A.2d 425 (1991).

Sherrill alleges in her brief that the District deposed Dr. Auday and submitted his testimony as evidence, and that the District was thus bound by the doctor's testimony in which, she contends, the doctor stated that her disability was causally related to the December 7, 1984 incident. Our review of Dr. Auday's first deposition reveals no such statement, however, and thus, whether submission of this deposition constituted an admission or not, Sherrill's assertion is meritless.[4]

Sherrill also contends that the District's proposed findings constitute admissions. The District's proposed finding No. 10 stated that:

10. On behalf of employer, Dr. Jose Auday examined the claimant.... Dr. Auday opined that the claimant had advanced bilateral degenerative osteoarthritis, in both knees, being worse on the right. He also opined that the claimant had bilateral genu varum of both legs, and finally, obesity. Dr. Auday believed that the claimant's symptoms were related to her work injury of December 7, 1984.

And, proposed finding No. 13 stated:

13. After careful consideration of all the testimony, both medical and lay, Your Referee finds that the claimant suffered a work injury within the course and scope of her employment on December 7, 1984 to her right knee.

Based upon these findings, Sherrill contends that the District admitted the work-related nature of her injury and her disability, and thus that the referee erred in rejecting her petition. We reject the argument that the proposed findings bind either the District or the referee, however, because we believe that they do not constitute "judicial admissions."[5]

4. Sherrill apparently interprets an ambiguous statement by Dr. Auday, discussed further below, as meaning that he believed that the symptoms and incident were related.

5. Proposed finding of fact No. 16 and 17 suggested that "[Sherrill] was totally disabled as a result of the injury of December 7, 1984 in the course and scope of her employment," but that Sherrill was capable of returning to work at greater than or equal to her pre-injury wage as of January 28, 1985. Proposed findings No. 18 and 19 proposed that Sherrill suffered a recurrence of her work-related disability as of September 28, 1985 but that as of October 31, 1986, Sherrill received clearance for employment within certain restrictions and that such

■ A judicial admission is "an express waiver made in court or preparatory to trial by a party or his attorney, conceding for the purposes of trial, the truth of the admission," and may be contained in pleadings, stipulations and other like documents. *Jewelcor Jewelers & Distributors, Inc. v. Corr,* 373 Pa.Superior Ct. 536, 542, 542 A.2d 72, 75 (1988), *petition for allowance of appeal denied,* 524 Pa. 608, 569 A.2d 1367 (1989). An important facet of such an admission is that it has been made for the advantage of the admitting party and once the admission has been made, the party making it is not allowed to introduce evidence attempting to disprove it. *Jewelcor Jewelers & Distributors, Inc.; see also Nasim v. Shamrock Welding Supply Co., Inc.,* 387 Pa.Superior Ct. 225, 563 A.2d 1266 (1989), *petition for allowance of appeal denied,* 525 Pa. 619, 577 A.2d 890 (1990).

■ Proposed findings, however, are distinguishable from admissions. First, proposed findings are provided for at 34 Pa.Code § 131.101, entitled "BRIEFS, FINDINGS OF FACT AND ORAL ARGUMENT," and are submitted, as in this case, after the evidentiary record has been closed. 34 Pa. Code § 131.101(b). This same section, as indicated by its title, also provides for the submission of briefs or memoranda. Thus, the regulations suggest that proposed findings are in the nature of briefs or legal memoranda, *i.e.* argument, rather than pleadings, stipulations or the like in which judicial admissions are usually contained.

It is clearly not unusual for a brief or memorandum to argue theories in the alternative, one or another of which would call for the "admission" of a fact fatal to the other theory. In a brief, such an assertion of alternate theories involving alternate facts would obviously not be considered binding. Likewise, facts contained within proposed findings

employment was actually available. Thus, the District's strategy at the time of the hearings was to admit a work-related disability but then seek an immediate suspension. This explains the seemingly self-defeating findings proposed by the District. Curiously enough, however, as noted above, our examination of Dr. Auday's first deposition fails to disclose any admission that Sherrill's symptoms were related to the December 7, 1984, incident.

are merely argument and are thus not binding upon the referee.

■ Moreover, even if the proposed findings did constitute admissions, it is plain that the District made no attempt to introduce evidence refuting the admissions. Rather, it was the referee who chose to reject the facts proposed by the District and deny the claim petition outright. The referee is not required to accept proposed findings but rather may make such findings as "the petition and answers and the evidence produced before him and the provisions of [the Act] shall, *in his judgment,* require." Section 418 of the Act, 77 P.S. § 833 (emphasis added).[6]

Related to this argument is Sherrill's assertion that the referee failed to consider the District's proposed findings and that the Board erred in concluding that they were not a part of the record. While the Board did state in its decision that proposed findings are not a part of the record, it is apparent from the context of this statement that the Board was referring to the *evidentiary* record as opposed to the record as a whole, which would include briefs, docket entries, etc. As stated above, proposed findings are submitted after the record is closed. *See* 34 Pa.Code § 131.101.

■ Further, although, as Sherrill points out, the referee made no reference to the District's proposed findings in his decision, this does not mean that he failed to consider them. *See Cesare v. Workmen's Compensation Appeal Board (Lackawanna Casualty Co.),* 91 Pa.Commonwealth Ct. 276, 496 A.2d 1343 (1985) (referee's failure to mention the name of testifying medical witness does not compel conclusion that referee failed to consider all evidence before him). As noted above, the proposed findings are in the nature of briefs or legal memoranda. The referee's decision does not mention the parties' briefs, yet it could not be seriously argued that this omission indicates that they were not considered. In fact, the referee in this case invited the submission of proposed findings and

6. Section 418 was added to the Act by Section 6 of the Act of June 26, 1919, P.L. 642.

there is no reason to think that they were not considered in his decision.

Sherrill next contends that the referee abused his discretion by reopening the record and allowing the redeposition of Dr. Auday. She argues that there was no typographical error in the transcript and that this was proven when the record was reopened. She further maintains that if the redeposition of Dr. Auday had not been allowed, the referee would have been compelled to find in her favor.

■■■ We shall address this last contention first. It is well settled that the claimant bears the burden of establishing all elements of her case in a claim petition. *Halaski v. Hilton Hotel*, 487 Pa. 313, 409 A.2d 367 (1979). And, the referee, as the fact finder, is entitled to accept or reject even uncontradicted medical testimony. *Haney v. Workmen's Compensation Appeal Board*, 65 Pa.Commonwealth Ct. 461, 442 A.2d 1223 (1982). The plain fact of the matter in this case is that the referee rejected the testimony of Sherrill's medical expert. (Referee's decision, finding No. 10). Thus, even if Dr. Auday's testimony had not been clarified and could not provide substantial evidence supporting the decision, a decision in favor of Sherrill would not necessarily be required.

■■■ In any event, an examination of the transcript of Dr. Auday's first deposition convinces us that the referee did not abuse his discretion by reopening the record. *See Hammerle v. Workmen's Compensation Appeal Board (Department of Agriculture)*, 88 Pa.Commonwealth Ct. 486, 490 A.2d 494 (1985) (referee's reopening of or failure to reopen the record will not be reversed absent an abuse of discretion).

The portion of the deposition which led the referee to believe that a typographical error had been committed reads as follows:

Q. Do you [Dr. Auday] have an opinion within a reasonable degree of medical certainty regarding whether these conditions are related to the incident on December 7th, 1984?

A. Yes.

Q. What is your opinion?

A. I think there is in relation to the accident.

(Deposition of Jose Auday, M.D., May 27, 1986 at 11).

This exchange was crucial to the doctor's testimony; the rest of the testimony serves merely to explain the basis for this ultimate conclusion, which is whether the symptoms expressed by Sherrill were related to the incident on December 7, 1984. Dr. Auday's response to the question "What is your opinion?" is unintelligible and it is impossible to determine from this transcript whether or not the doctor believed that Sherrill's symptoms were related to her injury on December 7, 1984.

Although it turned out that there had not been a typographical error in the transcript (*i.e.*, the stenographer's notes and the actual transcript were identical), upon being redeposed, Dr. Auday indicated that he had indeed been misquoted.[7] When asked whether the statement in question contained an error, Dr. Auday responded, "[a]s a matter of fact, the phrase is not right and it's obvious and later on if you continue reading the deposition, you will see that I stated it again. So, it [the symptoms] is not related to the accident." (Deposition of Jose Auday, M.D., March 29, 1989 at 23).

■ The referee's duty is to resolve the claims before him in a fair and efficient manner. *See Joseph v. Workmen's Compensation Appeal Board (Delphi Co.)*, 522 Pa. 154, 560 A.2d 755 (1989); *Cudo v. Hallstead Foundry, Inc.*, 517 Pa. 553, 539 A.2d 792 (1988) (discussing power of Board to grant

7. While Dr. Auday and the District's counsel stated that the transcript contained a "typographical error," it is clear that what he and his counsel were referring to was an error in "translation" (*i.e.*, the stenographer had not understood what Dr. Auday said).

While the court reporter who was presented to decipher the notes of Dr. Auday's first deposition was not allowed to testify concerning that deposition, she did state that she had taken notes from Dr. Auday in the past and that he was difficult to understand because Dr. Auday was from Argentina and spoke with a very heavy accent. This stenographer also testified that the original court reporter had written the stenographic symbol "TPH" on page 11, line 14 of Dr. Auday's first deposition. The symbol "TPH" means "in," whereas the stenographic symbol "TPHO" means "no." N.T. October 19, 1988 at 5, 18–19.

rehearing). We believe that the referee's action in this case had the effect of advancing this goal, and thus there was no abuse of discretion.

Sherrill's final contention is that the necessary findings of fact are not supported by substantial evidence. This argument, however, is merely a restatement, in another form, of the previous argument and meets with the same objections. The referee dismissed the claim petition because he concluded there was no injury in the course of employment causing a disability. Upon redeposition, Dr. Auday stated unequivocally that Sherrill's symptoms were not related to the work-related incident. The referee accepted Dr. Auday's testimony as credible, and because the referee is the fact finder, such a determination is beyond our review. We conclude that the referee's decision is supported by substantial evidence.

Accordingly, the order of the Board is affirmed.

## ORDER

NOW, March 31, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.