651 A.2d 200

**Capus STEPHENS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (ST. IGNATIUS NURSING HOME), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted June 10, 1994.

Decided Nov. 28, 1994.

Petition for Allowance of Appeal Denied March 30, 1995.

Thomas More Holland, for petitioner.

Caroline Mouallem Schultz, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and DELLA PORTA, Senior Judge.

DELLA PORTA, Senior Judge.

Capus Stephens (Claimant) petitions this Court for review of the January 10, 1994 order of the Workmen's Compensation Appeal Board (Board) affirming the decision of the referee granting the petition of St. Ignatius Nursing Home (Employer) for physical examination of Claimant. We affirm.

Claimant suffered a work-related injury on April 25, 1987, and received benefits pursuant to a Notice of Compensation Payable issued by Employer. On November 21, 1990, Employer filed a Petition for Physical Examination before the Board in which it alleged that Claimant, on two occasions, had refused to submit to an independent medical examination scheduled for October 24 and November 14, 1990. By order of the Board dated January 25, 1991, the matter was assigned to a referee who conducted several hearings at which Claimant testified on his own behalf. The referee concluded that Employer had met its burden under Section 314 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 651, in establishing that its request for a physical examination of Claimant was reasonable. The referee therefore ordered Claimant to submit to a physical examination by Employer's physician at a time and place reasonable and convenient to all parties. Claimant appealed to the Board, which affirmed the referee. This appeal followed.[1]

Claimant argues that the Board erred in affirming the granting of Employer's petition because it was filed after Employer had filed its Petition to Terminate Benefits, and because Employer failed to offer proof of a change in Claimant's physical condition to support a subsequent physical examination. In support of his argument, without citing any authority, Claimant contends that an employer has the burden of proving that a physical examination is both reasonable and necessary and based upon a physical change in the claimant's condition, and that where an employer does not meet this burden, a request for a physical examination after the employer has filed a termination petition should be denied.

Employer contends that an employer is not prohibited from seeking an independent medical examination of a claimant after the employer has filed a termination petition as Claimant herein asserts. To the contrary, Employer argues that Sec-

---

1. Our scope of review is limited to a determination of whether constitutional rights were violated, whether an error law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

tion 314 allows an employer to seek to have a claimant examined by an independent physician *at any time as long as the request is reasonable.* In the matter sub judice, Employer argues that it sought to have Claimant examined when it learned that Claimant was asserting that his physical condition had worsened. Employer argues that the petition for physical examination was not filed as a fishing expedition to collect evidence to support its termination petition, because the termination petition was supported by the medical report of Dr. Richard Schmidt, who had examined Claimant and released him to work without restrictions as of September 21, 1989.

Section 314 of the Act provides in pertinent part:

At any time after an injury the employe, if so requested by his employer, must submit himself for examination, at some reasonable time and place, to a physician or physicians legally authorized to practice under the laws of such place, who shall be selected and paid by the employer. If the employe shall refuse upon the request of the employer, to submit to the examination by the physician or physicians selected by the employer, the board may, upon petition of the employer, order the employe to submit to an examination at a time and place set by it, and by the physician or physicians selected and paid by the employer, or by a physician or physicians designated by it and paid by the employer. *The board may at any time after such first examination, upon petition of the employer, order the employe to submit himself to such further examinations as it shall deem reasonable and necessary, at such times and places and by such physicians as it may designate;* and in such case, the employer shall pay the fees and expenses of the examining physician or physicians, and the reasonable traveling expenses and loss of wages incurred by the employe in order to submit himself to such examination. . . . (Emphasis added.)

As the underlined portion indicates, an employer may, "at any time" request that the Board order further examination of the claimant, where it deems the requested examination to be "reasonable and necessary." The record reveals that some-

time after Employer received Dr. Schmidt's medical report indicating that Claimant could return to work without restrictions as of September 21, 1989, Employer, through its carrier Inservco, sent Claimant to a vocational rehabilitation counselor for vocational testing when Employer could not offer Claimant his pre-injury job. When this did not result in Claimant being placed in alternative employment, Employer filed a Termination Petition on June 1, 1990, based upon Dr. Schmidt's medical report.

Employer contends that while this first termination petition was pending,[2] Claimant informed an employee of the vocational service that although he had previously stated he would like to return to work, he had not returned. Accordingly, Employer requested that Claimant submit to another physical examination and scheduled two appointments for this purpose on October 24th and November 14, 1990. Claimant refused to attend either appointment. In the meantime, Employer had filed its second Termination Petition, based on the same grounds as the earlier petition which had been dismissed.

At the hearing on Employer's petition for physical examination, Claimant testified that he did not recall either being asked personally or through a letter to attend a physical examination anytime after June of 1990. Furthermore, with respect to Claimant's own assessment of his ability to return to work, Claimant testified that he indicated to Ms. Shelly of the vocational service that he "would like to try to go back [to work]." (February 26, 1992 Hearing, N.T., p. 9.) However, Claimant testified as follows when asked whether in fact he had returned to work and if he had communicated this to anyone:

2. The record shows that the first termination petition was scheduled for a hearing before a referee on July 25, 1990; however, neither party showed up at the hearing, both sides claiming they had not received notice of the hearing. The referee, in a decision dated August 20, 1990, dismissed the petition for Employer's failure to appear and present its case. Thereafter, Employer appealed to the Board, which affirmed the referee's dismissal in light of the fact that Employer had refiled the Termination Petition on October 12, 1990.

Q   Did you tell Ms. Shelly, in June, of 1990, that you did not return to work?

A   I told her something like that.

*Id.* at 9–10.

■  Employer argues that it requested a second independent medical examination of Claimant after it received this information in order to confirm the change in Claimant's physical condition and his allegations that he was unable to work.  Employer argues that its request for physical examination was therefore reasonable and necessary.  We agree.

■  When reviewing an order of the Board compelling a claimant to submit to an independent physical examination at the employer's request, we are mindful that such decisions are well within the sound discretion of the compensation authorities and this Court will only interfere where there has been a manifest abuse of discretion.  *Maranc v. Workmen's Compensation Appeal Board (Bienenfeld)*, 156 Pa.Commonwealth Ct. 572, 628 A.2d 522 (1993), *petition for allowance of appeal denied*, 537 Pa. 636, 642 A.2d 489 (1994).  Furthermore, there is nothing in Section 314 to prevent an employer from seeking more than one physical examination of a claimant, as long as the employer can show that the additional request or requests are reasonable and necessary.

The referee specifically found that Claimant had informed Ms. Shelly that he had not returned to work and that Claimant had refused to attend two scheduled physical examinations.  The referee concluded that:

3.  Employer has met its burden under Section 314 to establish that its request for additional examination is reasonable in that Employer is litigating a Termination Petition in which Claimant's current ability to return to work is in dispute.

4.  The evidence does not support Claimant's contention that Employer is without any evidence to support its pending Termination Petition, and has requested the independent medical examination for this reason.

Accordingly, because the referee's findings of fact are supported by substantial evidence and his conclusions of law are not in error, and finding no manifest abuse of discretion by the Board, we affirm the order of the Board.

## ORDER

AND NOW, this 28th day of November, 1994, the order of the Workmen's Compensation Appeal Board at NO. A92–2899 is affirmed.

FRIEDMAN, Judge, dissenting.

As the majority correctly points out, under section 314 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 651, an employer may "at any time" request that the Board order further examination of the claimant, where the Board deems the requested examination to be "reasonable and necessary." Here, the majority agrees that Employer met its burden under section 314 of the Act by establishing that the request for re-examination was reasonable and necessary where Employer learned that Claimant was alleging that his *physical condition had worsened* and he was *unable to work.* However, I must respectfully disagree with the majority. Even assuming that these allegations would make Employer's request reasonable and necessary, I see no indication that Claimant ever made such assertions. Furthermore, in his findings, the referee never mentions Claimant's inability to work.[1]

1. Indeed, the referee concluded that Employer established the reasonableness of its request "in that Employer was litigating a Termination Petition in which Claimant's current ability to return to work is in dispute." (R.R. at 32a.) I would note that a claimant's ability to return to work is always at issue in termination cases; thus, it appears the referee would make mere involvement in termination proceedings reasonable grounds to request a claimant to submit to additional medical examinations. I must take issue with this conclusion because I feel it would legitimize the use of petitions for physical examination to collect evidence in support of pending termination petitions. To permit an employer to require a physical examination after the filing of a termination petition and then to utilize the findings of that report to bolster

Employer claims to have derived this "information" regarding Claimant's worsened condition from a statement made by Claimant to an employee of the vocational service. However, in that statement, Claimant, who previously had indicated that he would like to return to work, simply told the employee that *he had not returned.* The content of this conversation was reaffirmed at the hearing. Although Employer saw this limited exchange as a basis to request a second medical examination, I have great difficulty in equating Claimant's simple declaration that he *did not* return to work to an assertion that he was *unable* to return to work due to a worsening of his physical condition. Because it appears that Employer based his petition for physical examination on nothing more than this language, I do not believe that Employer satisfied its burden under section 314 of the Act and, accordingly, I would reverse.

what otherwise might be weak proof would give meaning to "reasonable and necessary" in section 314 which I do not believe the legislature intended.