Lisbeth MIHOK, Petitioner,

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 17, 1993.

Decided Jan. 19, 1996.

Saul Davis, for petitioner.

Jason Manne, Assistant Counsel, for respondent.

Before McGINLEY and KELLEY, JJ., and NARICK, Senior Judge.

KELLEY, Judge.

Lisbeth Mihok (claimant) appeals from a final order of the Executive Deputy Secretary of the Department of Public Welfare (DPW) which upheld a decision by the Office of Hearings and Appeals (OHA) denying reinstatement of claimant's disability benefits pursuant to what is commonly referred to as Act 534, Act of December 8, 1959, P.L. 1718, as amended, 61 P.S. § 951. We affirm.

In 1972, claimant began full-time employment as a psychiatric aide at Woodville State Hospital (employer). In 1974, claimant's right foot was injured when a patient walked and rocked across it. Following this injury, claimant began receiving disability benefits pursuant to Act 534.[1]

Claimant underwent three operations on her right foot in 1979, 1981 and 1984. She was placed on either disability leave or light duty work from the date of her original injury until July 1984, when she returned to her regular position. In May 1986, claimant's right foot was reinjured when she attempted to restrain a patient. As a result, claimant went on disability leave until August 1986. Claimant returned to light duty work from August 1986 until January 1988 when she resumed her regular duties for employer. In March 1988, claimant was again placed on light duty work. In June 1988, claimant called in sick for an indefinite period of time because of her alleged disability.

---

1. Act 534 provides, in pertinent part, as follows:
    Any employe ... of a State mental hospital ... under the Department of Public Welfare, who is injured during the course of his employment by an act of ... any person confined in such institution ... shall be paid, by the Commonwealth of Pennsylvania, his full salary, until the disability arising therefrom no longer prevents his return as an employe of such ... institution at a salary equal to that earned by him at the time of his injury.
    61 P.S. § 951.

Pursuant to employer's request, claimant was examined by Dr. Bruce Tetalman on September 26 and October 7, 1988. Dr. Tetalman concluded that claimant had recovered from her work-related injury and was able to return to work as a psychiatric aide without restrictions or limitations. Dr. Tetalman submitted an Affidavit of Recovery to employer's Director of Personnel. On November 7, 1988, employer's Director of Personnel held a "return to work conference" with claimant and ordered claimant to return to her regular duties. Claimant did not return to work. Effective November 10, 1988, claimant was placed on leave without pay and her Act 534 benefits were terminated.

Claimant appealed the termination of her Act 534 benefits and a hearing was held before a hearing officer. Based largely on the testimony of Dr. Tetalman, the hearing officer recommended that claimant's appeal be denied. On November 7, 1989, OHA entered an order adopting the recommendation of the hearing officer in its entirety. The Secretary of DPW affirmed OHA's determination pursuant to claimant's request for reconsideration. Claimant then appealed to this court.

In an order dated September 25, 1990, this court affirmed in part and reversed in part the final order of the Secretary of DPW. *Mihok v. Department of Public Welfare*, 135 Pa.Cmwlth. 265, 580 A.2d 905 (1990) (*Mihok I*). This court concluded that DPW had committed an error of law in terminating claimant's Act 534 disability benefits without a prior due process hearing. 580 A.2d at 908. At the same time, this court further concluded that DPW's finding that claimant's disability had ceased was supported by substantial evidence. *Id.* 580 A.2d at 908–09. Because claimant was not afforded a due process hearing until she appeared before the hearing officer following the termination of her Act 534 benefits, this court ordered her benefits restored from the date of their initial termination (November 10, 1988) to the date OHA entered its order disposing of claimant's appeal following her hearing before the hearing officer (November 7, 1989). *Id.* at 909.

In late November 1989, while her appeal before this court was pending, claimant returned to work for employer and was placed in an orientation class for ten days. On December 7, 1989, claimant was sent home by employer because she was physically incapable of performing her psychiatric aide duties. Employer gave claimant a choice of going on leave without pay or benefits for six months or applying for disability retirement. Claimant chose to go on leave without pay or benefits.

Claimant then sought medical treatment from Dr. Michael Bowman who had been treating claimant since March 1987. Dr. Bowman recommended to claimant that she return to light duty work with employer. Claimant contacted employer and offered to return to light duty work. Employer did not make any provisions for claimant to return to light duty work.

In January and February 1990, claimant requested from employer the proper forms to apply for reinstatement of Act 534 benefits based on the recurrence of a disability relating to a previous injury. Employer did not respond to claimant's requests. In October 1990, claimant's counsel gave employer formal notice of claimant's claim for Act 534 benefits from and after December 7, 1989. Employer responded that the issue of claimant's disability had already been adjudicated. Employer further informed claimant that she had not suffered any new incident or injury subsequent to Dr. Tetalman's Affidavit of Recovery in October 1988 in which Dr. Tetalman had stated that claimant had recovered from her work-related injury.

Claimant appealed employer's refusal to reinstate her Act 534 benefits to OHA. Another hearing on the matter was held on May 10, 1991. The hearing officer concluded, based largely on the testimony of Dr. Bowman, that claimant's condition in December 1989 was a recurrence or exacerbation of her original foot problem. As such, the hearing officer stated that Act 534 benefits should be awarded to claimant retroactive to December 7, 1989.

On February 6, 1992, OHA adopted the recommendation of the hearing officer in its entirety. DPW then requested reconsidera-

tion of OHA's determination. On March 4, 1992, the Secretary of DPW granted DPW's request for reconsideration and vacated the order of OHA. OHA was instructed to re-open the hearing record to allow DPW to conduct a medical examination of claimant and to complete the Act 534 determination process for persons alleging a recurrence of a disability. The Secretary of DPW stated that OHA could then issue another decision using the results of the medical examination.

DPW had claimant examined by Dr. Victoria Langa, an orthopedic surgeon, on July 2, 1992. On March 16, 1993, the deposition of Dr. Langa was taken. Claimant presented rebuttal testimony to the deposition of Dr. Langa at a hearing held before the hearing officer in July 1993. On March 18, 1994, the hearing officer reversed his earlier decision and recommended that claimant's appeal of employer's refusal to reinstate her Act 534 benefits be denied.

The hearing officer noted that Dr. Langa's testimony corroborated the testimony of Dr. Tetalman from 1988. Both Drs. Tetalman and Langa found that claimant's complaints of disabling pain were not consistent with their objective medical findings. The hearing officer stated that it was almost impossible to conclude that claimant had suffered a recurrence of her foot problem in December 1989 when both Drs. Tetalman and Langa had found similar inconsistencies in their examinations of claimant which were conducted almost four years apart.

The hearing officer noted that even Dr. Bowman, whose testimony was largely supportive of claimant's claim, admitted that his examination of claimant in December 1989 revealed that claimant's subjective symptoms had improved. The hearing officer stated that it was clear that the opinion of Dr. Bowman differed from the opinions of Drs. Tetalman and Langa in that Dr. Bowman had accepted claimant's subjective complaints as credible. Considering only the objective medical evidence, the hearing officer found that Dr. Bowman's conclusions were general-ly consistent with those of Drs. Tetalman and Langa.

The hearing officer also noted that Dr. Langa's testimony corroborated employer's testimony that claimant demonstrated exaggerated symptoms when she was being observed. The hearing officer stated that Dr. Langa's corroboration of employer's observations caused him to reconsider the credibility of claimant's testimony.

The hearing officer concluded that claimant had not produced unequivocal medical testimony to show that her physical condition had actually changed, that she was disabled and that her disability was caused by a work-related injury. As such, the hearing officer concluded that claimant's Act 534 benefits should not be reinstated.

On July 5, 1994, OHA adopted the recommendation of the hearing officer in its entirety. On August 3, 1994, the Secretary of DPW granted claimant's application for re-hearing or reconsideration. On February 14, 1995, the Executive Deputy Secretary of DPW issued a final order upholding OHA's determination of July 5, 1994 that claimant's Act 534 disability benefits not be reinstated. Claimant now brings this appeal.[2]

In this appeal, claimant raises the following issues: (1) whether the hearing record should have been reopened to permit the medical examination by and deposition of Dr. Langa; (2) whether any evidentiary value should have been accorded to Dr. Langa's testimony; and (3) whether the evidence sufficiently established a recurrence of claimant's disability so as to allow reinstatement of her Act 534 benefits.

■ We initially note that Act 534 was designed to assure those who undertook employment in certain state institutions that they would be fully compensated in the event that they were disabled as the result of an act of a patient. *Lightcap v. Department of Public Welfare*, 107 Pa.Cmwlth. 98, 527 A.2d 1087 (1987), *petition for allowance of appeal denied*, 518 Pa. 645, 542 A.2d 1372 (1988).

---

**2.** This court's scope of review is to determine whether constitutional rights have been violated, whether an error of law has been committed, and whether the necessary findings of fact are supported by substantial evidence. *Mihok I.* Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

Act 534 has been interpreted by analogy to workers' compensation law. *Id.; Trumpikas v. Department of Public Welfare,* 50 Pa. Cmwlth. 130, 412 A.2d 218 (1980).

Claimant first asserts that the hearing record in this case should not have been reopened to permit the medical examination by and deposition of Dr. Langa. We disagree.

█ The duty of a referee is to resolve the claims before him in a fair and efficient manner. *Sherrill v. Workmen's Compensation Appeal Board (School District of Philadelphia),* 154 Pa.Cmwlth. 492, 624 A.2d 240 (1993). This court has stated that a referee's decision to reopen or not to reopen a record in a particular case will not be reversed absent an abuse of discretion. *Id.; Hammerle v. Workmen's Compensation Appeal Board (Department of Agriculture),* 88 Pa. Cmwlth. 486, 490 A.2d 494 (1985). This court has further stated that an order compelling a claimant to submit to an independent physical examination is a decision that is well within the sound discretion of the compensation authorities, and this court will only interfere in such a decision when there has been a manifest abuse of discretion. *Stephens v. Workmen's Compensation Appeal Board (St. Ignatius Nursing Home),* 168 Pa.Cmwlth. 570, 651 A.2d 200 (1994), *petition for allowance of appeal denied,* 540 Pa. 625, 657 A.2d 494 (1995).

In this case, DPW did not conduct a medical examination of claimant in response to her demand for reinstatement of her Act 534 benefits because claimant did not allege a recurrence of her original foot injury. Reproduced Record (R.) at 186a–88a. Claimant merely informed employer that her own doctor was not of the opinion that she was able to resume her full-time duties and that she continued to suffer from the same foot problems. R. at 184a–86a. Employer testified at the hearing held on May 10, 1991 that if claimant had alleged a reinjury or recurrence of her disability, then employer would have routinely ordered a medical examination of claimant. R. at 185a–86a.

█ In his determination issued on February 3, 1992, the hearing officer made a finding of fact that claimant had expressly disavowed the existence of any recurrence of injury or any new injury. Notwithstanding this finding, the hearing officer concluded that claimant's Act 534 benefits should be reinstated. OHA affirmed this determination. When DPW requested reconsideration, it was reasonable for the Secretary of DPW to conclude that employer should be able to obtain a medical examination of claimant which employer had previously not thought necessary because of claimant's statements to employer. Employer's medical examination would create a full and complete medical record as to the status of claimant's disability. Accordingly, we conclude that the Secretary of DPW did not abuse her discretion in reopening the hearing record in this case to permit the medical examination by and deposition of Dr. Langa.

Claimant next asserts that no evidentiary value should have been accorded to the testimony of Dr. Langa because such testimony was neither substantial nor relevant to the issue of claimant's disability on December 7, 1989.

█ It is well settled that determinations regarding the weight and credibility of witness testimony in a disability case are the province of the referee. *Selkow v. Workmen's Compensation Appeal Board (Anchor Davis–Jay Box Company),* 662 A.2d 31 (Pa. Cmwlth.1995). The referee is free to accept or reject the testimony of any witness, including a medical witness, in whole or in part. *General Electric Co. v. Workmen's Compensation Appeal Board (Valsamaki),* 593 A.2d 921, *petition for allowance of appeal denied,* 529 Pa. 626, 600 A.2d 541 (1991).

█ In this case, it was clearly within the province of the hearing officer to evaluate the testimony of Dr. Langa and to determine how much weight it should be given with respect to the issue of claimant's medical condition on December 7, 1989. This court will not infringe upon the fact finding responsibilities of the hearing officer.

Finally, claimant asserts that the evidence sufficiently established a recurrence of claimant's disability so as to entitle claimant to reinstatement of her Act 534 benefits. We disagree.

■ In order for a claimant to qualify for reinstatement of benefits after those benefits have been terminated, a claimant has the burden of establishing a causal connection between her current condition and the prior work-related injury. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988). Where the causal connection between the employment incident and the injury is not obvious, claimant must prove the causal connection through unequivocal medical testimony. *Staroschuck v. Workmen's Compensation Appeal Board (Midland Ross Corp.)*, 153 Pa.Cmwlth. 523, 621 A.2d 1173 (1993).

■ The effect of a termination of benefits is that a claimant has fully recovered from her work-related injury. *Bethlehem Steel Corporation v. Workmen's Compensation Appeal Board (Randall)*, 654 A.2d 213 (Pa.Cmwlth.1995), *petition for allowance of appeal denied*, 541 Pa. 647, 663 A.2d 697 (1995). Thus, in order to sustain her burden of proof for reinstatement of benefits, a claimant must prove that her disability has increased or has recurred since the prior award, and that her physical condition has changed. *Id.* A claimant seeking a reinstatement of benefits because of the recurrence of a prior work-related injury must prove "by precise and credible evidence of a more definite and specific nature than that upon which initial compensation was based" that her disability has recurred. *Simeone v. Workmen's Compensation Appeal Board (United Parcel Service)*, 135 Pa.Cmwlth. 356, 580 A.2d 926 (1990), *petition for allowance of appeal denied*, 527 Pa. 658, 593 A.2d 428 (1991).

In this case, the hearing officer concluded that claimant had not produced unequivocal medical testimony showing that her physical condition had actually changed, that she was disabled and that her disability was caused by a work-related injury. Claimant's witness, Dr. Bowman, testified that there was essentially no change in claimant's condition from December 1988 to December 1989. R. at 252a. He further stated that the difference in claimant's condition between December 1989 and his examination of claimant in April 1991 was that claimant's foot was better and had no swelling or color changes. R. at 261a. As of April 1991, Dr. Bowman testified that while claimant still had some complaints of foot pain, her objective findings had all decreased. R. at 253a. Dr. Bowman further noted that claimant's complaints of foot pain were subjective and had an emotional component to them. R. at 264a–66a.

Dr. Langa testified that she had not pinpointed any objective findings to explain claimant's complaints. R. at 57a–62a. She stated that claimant's complaints were suggestive of symptom magnification. *Id.* Dr. Langa further noted that she had observed claimant outside of her window when claimant left her office. R. at 58a–59a. Dr. Langa had observed claimant placing weight on her right foot in a more normal fashion than claimant had done while she was in Dr. Langa's office. *Id.* Dr. Langa opined that claimant would be able to perform her duties as a psychiatric aide with employer. R. at 62a.

■ Based upon our review of the record in this case, we conclude that there was substantial evidence to support the hearing officer's determination that claimant's Act 534 benefits should not be reinstated. Accordingly, the final order of the Executive Deputy Secretary of DPW is affirmed.

### ORDER

NOW, this 19th day of January, 1996, the order of the Executive Deputy Secretary of the Department of Public Welfare, dated February 14, 1995, at No. 02H0002–002, is affirmed.