IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Honorable Wally Scott,        :
Mayor of the City of Reading     :
                              :
      v.                  :  No. 760 C.D. 2020
                              :  SUBMITTED: March 15, 2021
City of Reading Charter Board,  :
               Appellant     :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE ELLEN CEISLER, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CEISLER                          FILED: April 13, 2021

The City of Reading Charter Board (Charter Board) appeals from the July 1, 2020 Order of the Berks County Court of Common Pleas (Trial Court), which reversed the Charter Board's November 12, 2019 Final Order.[1] In its Final Order, the Charter Board fined the former Mayor of Reading, the Honorable Wally Scott (Mayor Scott), for violations of the City of Reading's (City) Home Rule Charter (Charter) and Administrative Code (Code) due to his alleged failure to remove the Acting Administrative Services Director after her 180-day term expired. We conclude that the matter before the Charter Board was barred by a six-month statute

---

[1] The Trial Court's Order states: "the Final Opinion and Order issued by the City of Reading Charter Board is reversed and vacated." Reproduced Record (R.R.) at 732a. However, the proper action would have been reversing, since the Trial Court concluded there was no substantial evidence for the Charter Board's determination.

of limitations. Accordingly, we affirm the Trial Court's Order, albeit on alternative grounds.[2]

## I.    Background

The City enacted its Charter pursuant to the Home Rule Charter and Optional Plans Law.[3]  Under the Charter, the Mayor is the chief executive officer of the City. City's Charter § 301.  The Charter also creates the position of Managing Director and other department directors, including Administrative Services Director.[4]  *Id.* § 401.  Pursuant to the Charter, the mayor has appointment and removal power, with approval by the City Council, over the Managing Director and other department directors.  *Id.* § 603.  Additionally, the Managing Director "[s]upervise[s] the administration of all departments, offices, and agencies . . . as directed by the Mayor."  *Id.* § 406(2).

The Charter Board was created by amendment to the Charter and functions as a government oversight board.  The Charter provides in pertinent part:

> The Charter Board shall hear and decide all cases alleging violations of the Charter or Administrative Code . . . . Insofar as permitted by state law the Board shall issue binding opinions, impose penalties and administrative fines, refer cases for prosecution, and conduct investigations on its own initiative and on referral or complaint.

---

[2] "[A]n appellate court may uphold an order of a lower court for any valid reason appearing from the record." *Ario v. Ingram Micro, Inc.*, 965 A.2d 1194, 1200 (Pa. 2009).

[3] 53 Pa. C.S. §§ 2901-2984.

[4] The Charter was amended in the May 2020 Primary Election, separating the Administrative Services Department into the Department of Finance and the Department of Human Resources, each with its own director.  City's Charter §§ 607, 707.

2

*Id.* amend. I, § 2(b); *see also Spencer v. City of Reading Charter Bd.*, 97 A.3d 844, 849 (Pa. Cmwlth. 2014) ("The [Charter Board] claims to have been modeled after the State Ethics Commission, which was created to administer, prosecute, enforce, and adjudicate cases under the Public Official and Employee Ethics Act, 65 Pa. C.S. §§ 1101-1113.").

The Charter Board's enforcement powers include both prosecutorial and adjudicatory functions. City's Code of Ordinances § 23-603(A). The members of the Charter Board hear cases arising from "complaints alleging violations of the Charter and Administrative Code," and may "[i]mpose penalties and administrative fines." *Id.* § 23-603(A)(1)-(2). The Charter Board is advised by its solicitor, who assists with examining witnesses and documents, ruling on evidence, and preparation and review of the final order. *Id.* § 23-605(A)(7)(d). The prosecutorial arm is vested in the Investigating Officer, who is appointed by the Charter Board. *Id.* §§ 23-602(A)(8); 23-603(A)(4). The Investigating Officer works independently from the Charter Board and "is charged with determining jurisdiction, conducting preliminary and full investigations, issuing written findings reports, [and] prosecuting complaints before evidentiary hearings." *Id.* § 23-602(A)(8)(a). The Investigative Officer must "be a member in good standing of the Pennsylvania Bar Association . . . for at least five years." *Id.* § 23-602(A)(8)(b).

On March 11, 2019, City resident Ernest H. Schlegel filed a Complaint with the Charter Board, alleging that Mayor Scott[5] violated Section 8-503(A) of the City's

---

[5] The Complaint named Mayor Scott, former Managing Director Glenn Steckman, and current Managing Director Osmer S. Deming. After an investigation, the Investigative Officer dismissed the Complaint as to Mr. Deming, because he held the position for insufficient time to have caused the alleged violations. R.R. at 96a. Mr. Steckman entered a settlement with the Charter Board and agreed to the penalty of private admonishment. R.R. at 235a.

Administrative Code[6] (Code) and various Charter provisions by allowing then-Acting Administrative Services Director, Josephine Encarnacion, to serve beyond the prescribed 180-day term for an "acting" director.[7]  R.R. at 50a-52a.

On October 8, 2019, Mayor Scott filed a pre-hearing Motion to Dismiss the Complaint.  *Id.* at 193a.  Although Mayor Scott did not point to a specific statute of limitations, he asserted that "[his] right to due process will be violated if the Board exercises jurisdiction *without any statute of limitations*."  *Id.* at 195a (emphasis added).  Mayor Scott noted that the Complaint was filed March 14, 2019, but the alleged violations dated back to 2016.  *Id.* at 194a.  Furthermore, Mayor Scott argued that the case was moot because "[w]hen the Complaint was filed[,] . . . there was no matter in controversy[] and . . . there was no alleged ongoing violation of the Charter."  *Id.* at 195a.

The Charter Board held hearings on October 15 and October 30, 2019.  At the first hearing, the parties discussed the potential for a settlement, but there was a disagreement as to the proposed penalty.  R.R. at 220a-21a.  At the second hearing,

---

[6] Section 8-503(A) of the Code states:

> The Managing Director shall appoint acting department directors and temporary managers within 10 days of the date the position becomes vacant.  *Acting department directors appointed by the Managing Director may serve no more than 180 days.*  Council may agree to extend said term for additional [90]-day period by resolution upon request by the Mayor and upon satisfactory proof that the Mayor and/or Managing Director have made a diligent effort to recruit and hire a department director.

Reading, Pa., Code of Ordinances § 8-503(A) (emphasis added).

[7] The gravamen of Mr. Schlegel's Complaint was that Mayor Scott abused the "acting" director provisions of the Charter.  R.R. at 52a.  However, the Charter Board's Investigative Officer narrowed the scope of this matter to the length of Ms. Encarnacion's term as Acting Director.  *Id.* at 191.

4

Mayor Scott and the Investigative Officer submitted an agreed-upon stipulation of facts. The stipulation of facts did not include a recommended penalty because the parties had not agreed to settle the case. *Id.* at 255a-56a. Mayor Scott again raised the issues of statute of limitations and mootness. *Id.* at 257a-59a. However, neither the Investigative Officer nor the Charter Board addressed the issue of statute of limitations at the hearing. *Id.* at 259a.

On November 12, 2019, the Charter Board issued its Final Order, publicly censuring Mayor Scott and imposing $1,500 in fines. *Id.* at 290a. The Charter Board neither addressed nor ruled on Mayor Scott's pre-hearing Motion to Dismiss in its decision. The Charter Board charged Mayor Scott with the following four violations of the Charter and Code:

> [1] failing to remove [Ms.] Encarnacion as Acting Administrative Services Director at the expiration of the 180-day period permitted by [Code Section 5-803(A)],
>
> [2] failing to obtain a 90-day extension of the 180-day period in accordance [with Code Section 5-803(A)],
>
> [3] failing to make a diligent search for an Administrative Services Director for a period of more than a year, ending in approximately April 2018, and
>
> [4] failing to execute and perform the duties and obligations of the Office of Mayor in connection with the facts stipulated[.]

*Id.* at 287a.

Mayor Scott timely appealed to the Trial Court. After a review of the record, the Trial Court determined that "there was no substantial evidence of violations of the City Charter." Trial Court Order, 7/1/20, R.R. at 732a. In support of its decision,

5

the Trial Court found that "[i]f one [was] to conclude that there was an inadvertent 'technical' violation[] of the City Charter, a review of the record provided shows no evidence to support the issuance of any monetary penalties." *Id.* Accordingly, the Trial Court reversed the Charter Board's Final Order. This appeal followed.[8]

## II. Issues

On appeal, the Charter Board argues that Mayor Scott waived all defenses, including the statute of limitations, when he entered the stipulation of facts and through various "admissions"[9] by his counsel, Mark Merolla, Esquire, at the

---

[8] "When the trial court does not take additional evidence, our standard of review of a local agency's adjudication is limited to determining whether constitutional rights were violated, an error of law was committed, or the necessary factual findings are supported by substantial evidence." *Spencer*, 97 A.3d at 839.

[9] The Charter Board claims that the following statements should be deemed "admissions":

> a.      After being asked if he agreed with the [I]nvestigative [O]fficer's findings of fact sufficient to demonstrate two acts in violation of the Charter, Attorney Merolla stated "Yes, I do." [Notes of Testimony (N.T.),10/15/19, at 15.]
>
> b.      Attorney Merolla advised the [Charter] Board that "we believe if there was a hearing, the reasonable resolution, those would be the findings that would occur . . . [w]e just have a disagreement about the penalty." [*Id.* at 16.]
>
> c.      In advancing the stipulation reached orally at the time with the [I]nvestigative [O]fficer, Attorney Merolla advised the [Charter] Board that he thought "the resolution . . . was reasonable regarding the violations." [*Id.* at 16.]
>
> d.      Attorney Merolla admitted [] that [Mayor] Scott never requested to extend the appointment of Encarnacion [] and that it was [Mayor] Scott's responsibility [] and that [Ms.] Encarnacion served too long and [Mayor] Scott agreed to that violation[. *Id.* at 17.]

6

hearings. Charter Bd.'s Br. at 37-38.[10] In response, Mayor Scott counters that "[g]enerally, an attorney's statement in an argument does not constitute evidence." Mayor Scott's Br. at 36 (quoting *Sch. Dist. of Phila. v. Bd. of Revision of Taxes*, 217 A.3d 472, 485 (Pa. Cmwlth. 2019)). Further, Mayor Scott contends that the stipulation of facts was not a settlement and that he did not waive the objections raised in his pre-hearing Motion to Dismiss the Complaint. *Id.* at 39.

## III. Discussion

## A. Applicable Statute of Limitations

Although Mayor Scott never cited a specific statute of limitations, and neither the Charter Board nor the Trial Court addressed this issue, we conclude that the applicable statute of limitations for this action was six months. Pursuant to Section 5522(b)(1) of the Judicial Code, the statute of limitations for "[a]n action against any officer of any government unit for anything done in the execution of his office" is six months. 42 Pa. C.S. § 5522(b)(1). Mayor Scott was a government officer at the

---

e. Attorney Merolla admitted that [Mayor] Scott had the responsibility as the City's mayor to request the extension of [Ms.] Encarnacion's service and that it did not happen. [*Id.* at 18-19.]

f. On October 30, 2019, when specifically offered the opportunity to disavow the stipulated facts in Joint Exhibit #1 and to proceed to a hearing that night, or at a continued hearing on a different night, Attorney Merolla responded "No." [N.T., 10/30/19, at 17-18.]

Charter Bd.'s Br. at 41-42.

[10] In addition to asserting that Mayor Scott waived his defenses, the Charter Board asserts that the Trial Court erred in concluding that (1) the Charter Board's determination that Mayor Scott violated the Charter was unsupported by substantial evidence and (2) the record did not support the penalties imposed.

7

time of the incident, and the allegations on which the Complaint were based occurred "in the execution of his office." *Id.*

Before the Trial Court, the Charter Board asserted that the catch-all six-year statute of limitations should apply to this action. R.R. at 694a (citing 42 Pa. C.S. 5527(b) ("Any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation) must be commenced within six years.")). Alternatively, the Charter Board argued that the five-year period for claims before the State Ethics Commission should apply. *Id.* (citing 65 Pa. C.S. § 1108(m)). These assertions are without merit.

First, the catch-all six-year limitations period applies only where an action or proceeding is **not** "subject to another limitation specified in this subchapter." 42 Pa. C.S. § 5527(b). Where the alleged conduct is specified by statute, however, the prescribed limitations period applies. Section 5522(b)(1) of the Judicial Code applies to an action alleging the wrongful conduct of a government official "for anything done in the execution of his office." 42 Pa. C.S. § 5522(b)(1); *see Stoppie v. Johns*, 720 A.2d 808, 811 (Pa. Cmwlth. 1998). Here, Mayor Scott was a government official at the time of the incident, and the allegations on which the Complaint were based occurred "in the execution of his office." The Complaint contained no allegations that would have resulted in the application of another statute of limitations. Therefore, we conclude that the six-month limitations period in Section 5522(b)(1) applies.

Second, contrary to the Charter Board's assertion, the five-year investigatory period for claims before the State Ethics Commission is specific to that agency pursuant to its enabling legislation. Charter Amendment I, creating the Charter

8

Board, sets no specific statute of limitations, so we must apply the general laws of the Commonwealth. *See* 53 Pa. C.S. § 2962(e) ("Statutes that are uniform and applicable in every part of this Commonwealth shall remain in effect and shall not be changed or modified by [the Home Rule Charter and Optional Plans Law]. Statutes shall supersede any municipal ordinance or resolution on the same subject.").

Here, Mr. Schlegel filed his Complaint on March 11, 2019, more than two years after Ms. Encarnacion's tenure as Acting Administrative Services Director ended.[11] Therefore, we conclude that the six-month statute of limitations bars this action.

### B. Waiver of Statute of Limitations Defense

With regard to the Charter Board's argument that Mayor Scott waived the statute of limitations defense, we first conclude that Attorney Merolla's statements at the hearings did not constitute admissions. This Court has explained:

> Generally, an attorney's statement in an argument does not constitute evidence. *East Norriton Township v. Gill Quarries, Inc.*, 604 A.2d 763, 766 n.9 (Pa. Cmwlth. 1992) ("[S]elf-serving, unsubstantiated and unsworn statements by counsel are not competent evidence."); *Jacquin v. Pennick*, 449 A.2d 769, 772 n.1 (Pa. Cmwlth. 1982). On the other hand, a "*judicial admission is 'an express waiver made in court or preparatory to trial by a party or his attorney, conceding for the purposes of trial, the truth of the admission,*' and may be contained in the pleadings, stipulations and other like documents." *Sherrill v.*

---

[11] To the extent the Board found that Mayor Scott violated the Charter and Code by "failing to make a diligent search for an Administrative Services Director for a period of more than [one] year, ending in approximately April 2018," R.R. at 287a, this alleged violation ended approximately 11 months before the Complaint was filed and, therefore, is also barred by the six-month statute of limitations.

> *Workmen's Comp. Appeal Bd. (Sch. Dist. of Phila.)*, 624 A.2d 240, 243 (Pa. Cmwlth. 1993). *A judicial admission "must be a clear and unequivocal admission of fact."* *Coleman v. Wyeth Pharms., Inc.*, 6 A.3d 502, 524 (Pa. Super. 2010).

*Sch. Dist. of Phila.*, 217 A.3d at 485 (emphasis added).

A review of the hearing transcripts reveals that Attorney Merolla's statements did not rise to the level of admissions, as he did not clearly or unequivocally express an intent to waive the statute of limitations defense. At the October 15, 2019 hearing, Attorney Merolla and the Investigative Officer were in the process of trying to reach a settlement. *See* N.T., 10/15/19, at 15-16. Mr. Steckman, the former Managing Director, had just agreed to settle with the Investigative Officer. R.R. at 210a; *see supra* note 5. Attorney Merolla and the Investigative Officer were in the midst of negotiations but had not agreed to a penalty. N.T., 10/15/19, at 15. It is evident from our review of the transcript that the statements from the October 15, 2019 hearing that the Charter Board attempts to characterize as admissions were made in anticipation of settlement with the Charter Board.

Importantly, in a discussion between Attorney Merolla and the solicitor for the Charter Board, Attorney Merolla unequivocally reasserted his objections in his pre-hearing Motion to Dismiss, in the event that a binding settlement was not reached. Specifically, when asked if he "reserved his rights" in the event that a settlement was not reached, Attorney Merolla responded, "*Correct.*" *Id.* at 22 (emphasis added).

At the second hearing, the parties introduced the stipulation of facts, and Mayor Scott entered two other exhibits for mitigation purposes as to the penalty. N.T., 10/30/19, at 5. Attorney Merolla also attempted to offer into evidence Mayor Scott's affidavit, but the Charter Board excluded it on the basis that the stipulation

10

of facts alone formed the record. *Id.* at 15-17. Attorney Merolla objected to the exclusion of Mayor Scott's affidavit, but ultimately agreed with the stipulation of facts. *Id.* at 16-18. When asked if he wanted to renegotiate the stipulated facts to attempt to include the Mayor's affidavit, Attorney Merolla responded, "No, I made our position clear." *Id.* at 18. The Charter Board characterizes this as an admission, but Attorney Merolla clearly raised an objection, made argument, and preserved the issue for appeal. Thereafter, Attorney Merolla again specifically raised the issues of statute of limitations and mootness, *id.* at 22-24, but neither the Investigative Officer nor the Charter Board responded to these objections, *id.* at 24-25. Accordingly, we conclude that Attorney Merolla did not waive the objections raised in his pre-hearing Motion to Dismiss.[12]

We also reject the Charter Board's contention that Mayor Scott's stipulation of facts constituted a waiver of the statute of limitations defense. A stipulation of facts is binding and conclusive on an adjudication; however, the adjudicating body may draw its own legal conclusions from those facts. *Mader v. Duquesne Light Co.*, 241 A.3d 600, 615 (Pa. 2020). While litigants may limit the issues in a case with stipulations, they cannot limit matters affecting the jurisdiction, business, or convenience of the court. *Id.*

In relevant part, the stipulation of facts stated:

> A. [Mayor Scott] took office as Mayor of [the City] in January 2016.

---

[12] While there is no discussion on the record pertaining to the statute of limitations, the Charter Board went off the record multiple times at the October 30, 2019 hearing. *See* N.T., 10/30/19, at 3, 5, 7, 8 (executive session from 6:18 p.m. to 6:39 p.m.). Attorney Merolla later stated: "[W]e have been told many times there's no statute of limitations." *Id.* at 22. In light of this statement, it appears that the statute of limitations was discussed at some point off the record. Nevertheless, Attorney Merolla continued to assert this defense while on the record.

* * *

> G. On March 24, 2016, [Mayor Scott] appointed Human Resources Manager [Ms. Encarnacion] as Acting Administrative Services Director.
>
> H. There was no Managing Director serving [the City] at the time of Ms. Encarnacion's appointment as Acting Administrative Services Director.
>
> I. Ms. Encarnacion served as Acting Administrative Services Director through January 2017 when [Mr. Steckman], former Managing Director, took over as Acting Administrative Services Director as part of his employment as Managing Director.
>
> J. Ms. Encarnacion served as Acting Administrative Services Director in excess of 180 days.
>
> K. At the conclusion of Ms. Encarnacion['s] 180 days as Acting Administrative Services Director, the Mayor did not request City Council to adopt a Resolution agreeing to extend Ms. Encarnacion's time as Acting Administrative Services Director for an additional 90 days.
>
> L. [Mayor Scott] did not remove or require removal of Ms. Encarnacion upon expiration of her 180 days service as Acting Administrative Services Director.

R.R. at 262a-63a. Nowhere in the stipulation of facts did Mayor Scott waive his pre-hearing Motion to Dismiss, nor did the stipulation address the statute of limitations. Mayor Scott did not settle his case with the Charter Board as did Mr. Steckman. Because Mayor Scott did not settle his case with the Charter Board, we conclude that the stipulation did not waive his statute of limitations defense.

## IV.   Conclusion

For the forgoing reasons, we affirm the Trial Court's Order.[13]

_____
ELLEN CEISLER, Judge

---

[13] Because we conclude that the statute of limitations bars this action, we need not address whether there was substantial evidence for the Charter Board's determination that Mayor Scott violated the Charter or whether the record supported the penalties imposed.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Honorable Wally Scott,      :
Mayor of the City of Reading    :
                                      :
        v.                      :  No. 760 C.D. 2020
                                        :
City of Reading Charter Board,  :
             Appellant    :

# **O R D E R**

AND NOW, this 13th day of April, 2021, the Order of the Berks County Court of Common Pleas, dated July 1, 2020, is hereby AFFIRMED.

_____
ELLEN CEISLER, Judge