Melodie BOGDANSKI, Petitioner

v.

WORKERS' COMPENSATION APPEAL BOARD (CITY OF PITTSBURGH), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 25, 2002.

Decided Dec. 24, 2002.

Nariman P. Dastur, Pittsburgh, for petitioner.

Brian D. Walters, Pittsburgh, for respondent.

BEFORE: FRIEDMAN, Judge, SIMPSON, Judge, and JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

Melodie Bogdanski (Claimant) petitions for review of the June 11, 2002 order of the Workers' Compensation Appeal Board (Board) that reversed the order of the Workers' Compensation Judge (WCJ) granting Claimant's petition to review compensation benefits to include a diagnosis of depression for the closed period of December 4, 1997 through May 5, 1998 and awarding her total disability benefits related thereto.[1] Claimant contends that the Board erred in determining that she sustained a "mental/mental" injury, as opposed to a "physical/mental" injury as found by the WCJ, and that she failed to sustain her burden of proving abnormal working conditions. We reverse the Board.

Claimant was employed as a 911 dispatcher. During the course of her employment, she sustained an injury in that nature of bilateral carpal tunnel syndrome. Employer issued a notice of compensation payable (NCP) awarding Claimant $424.50

---

1. In addition to the petition to review compensation benefits at issue, Claimant filed (1) a petition to review compensation benefits to include an injury of reflex sympathetic dystrophy, (2) a reinstatement petition requesting a reinstatement of total disability benefits as of January 27, 1998, the date that Claimant underwent additional carpal tunnel surgery and (3), a penalty petition alleging that the City of Pittsburgh (Employer) failed to pay counsel fees in accordance with the WCJ's order. Employer filed the following petitions: (1) a petition to suspend benefits alleging that as of April 27, 1998, Claimant was able to return to her pre-injury position and refused to do so (2) a February 12, 1998 petition for utilization review requesting review of medical treatment rendered by Richard Katz, M.D., to Claimant and (3), a June 9, 1998 petition for review of utilization review. The resolution of these various petitions is not at issue in this appeal.

per week in workers' compensation benefits based on an average weekly wage of $636.75. The NCP described Claimant's injury as bilateral carpel tunnel syndrome.

Relevant to this appeal, Claimant filed a petition to review compensation on February 6, 1998 seeking to amend the NCP to include a diagnosis of severe depression. The petition sought to reinstate total disability benefits as of December 4, 1997.

In his January 20, 1999 decision, the WCJ found Claimant's testimony to be credible, and in doing so, made the following finding of fact:

16. (k) Claimant testified that she is in a depressed mood because of the pain in her hand and the fact that she has been told that there is no cure for what she has. She testified that she no longer attends events involving her daughters because she has lost her desire to do so and she further testified that she has no appetite and has gone from 168 pounds at the time of her surgery to 130 pounds at the time of her deposition testimony on March 18, 1998. Claimant testified that she started smoking cigarettes after the work injury. Claimant testified that the fact that she is unable to do housework has caused fights with her husband and she further testified that she feels worthless when her husband cleans the house. Claimant testified that she cries over the work injury and that she becomes volatile and starts screaming and yelling at people. Claimant testified that she has had homicidal thoughts since the work injury. She testified that her husband has told her that he is going to divorce her and she testified that she is going to file for bankruptcy. Claimant testified that she has had problems with her memory since the work injury.

. . .

(m) When asked on cross-examination whether there was one specific incident or event that caused her anxiety or outrage or depression on or about December 4, 1997, [C]laimant referred to the fact that after the hearing in this case on November 21, 1997, she was given the "cold shoulder" at work and her relationship with Ruby Helvy [a part-time payroll clerk for Employer] deteriorated.

(WCJ's Decision, January 20, 1999, F.F. 16(k), (m))

Discounting the testimony of Employer's psychiatrist, who performed an independent examination of Claimant on April 24, 1998, the WCJ concluded that

Claimant has met her burden of proving that a diagnosis of depression should be added to the [NCP] and that she was totally disabled due to this condition from December 4, 1997, to May 5, 1998. I note that the depression in this case is in the nature of a physical-mental injury and therefore does not carry the heavier burden under the case law for mental-mental injury.

(*Id.* at C.L. 3)

On appeal, the Board affirmed the WCJ's order in part and remanded in part. The Board concluded that the WCJ did not err in determining that Employer failed to prove its entitlement to a suspension of benefits. However, it further determined that Claimant's testimony regarding the effect of her depression on her ability to work was inconsistent, and that the inconsistency was not resolved by the WCJ. Accordingly, the Board remanded the matter to the WCJ for further findings of fact.[2]

**2.** In its opinion, the Board stated that "the claimant suffering a *mental injury* from a

*physical stimulus* must show that the stimulus caused the injury." (Board's Order Dated

On remand, the WCJ clarified Finding of Fact 16. He found that Claimant did not recant her earlier testimony and testified that her pain was a factor in the causation of her depression, although other factors at work contributed to the severity of her depression such that she had to leave work on December 4, 1997. (WCJ's Order Dated May 8, 2001; F.F. 5) Therefore, the WCJ found that the pain in Claimant's hand caused her depression and that it continued to be a substantial contributing factor to her depression at the time she left work on December 4, 1997. (*Id.*) Consequently, the WCJ reaffirmed his prior order awarding Claimant total disability benefits for depression for the period of December 4, 1997 to May 5, 1998.

Employer once again appealed to the Board, which reversed the WCJ's determination. The Board concluded that pursuant to the Supreme Court's decision in *Davis v. Workers' Compensation Appeal Board (Swarthmore Borough)*, 561 Pa. 462, 751 A.2d 168 (2000) and our decision in *Danekar v. Workers' Compensation Appeal Board (White Haven Ctr.)*, 757 A.2d 429 (Pa.Cmwlth.2000), Claimant bore the burden of proving abnormal working conditions when seeking compensation for physical injuries that included a psychic component.

■■■ Claimant now appeals to this Court, seeking reversal of the Board's determination that her claim for depression falls within the "mental/mental" category of work-related injuries. We agree with Claimant that the Board erred in catego-

rizing her injury as "mental/mental" and, therefore, we reverse.[3]

■■■ For purposes of receiving workers' compensation benefits under the Workers' Compensation Act (Act),[4] the influence of the psychological element has been divided into three categories: (1) the "mental/physical" injury where a psychological stimulus causes a physical injury, (2) the "physical/mental" injury where a physical stimulus causes a psychic injury and (3) the "mental/mental" injury where a psychological stimulus causes a psychic injury. *Ryan v. Workmen's Compensation Appeal Board (Cmty. Health Servs.)*, 550 Pa. 550, 707 A.2d 1130 (1998). The distinction is highly relevant, as the classification determines the claimant's burden of proof. In "mental/physical" and "mental/mental" claims, the claimant bears the burden of showing abnormal working conditions. *Davis; Daneker.* In "physical/mental" claims, the claimant need only demonstrate that a physical *stimulus* resulted in a mental disability. *Donovan v. Workers' Compensation Appeal Board (Acad. Med. Realty)*, 739 A.2d 1156 (Pa.Cmwlth.1999), *appeal denied*, 563 Pa. 678, 759 A.2d 924 (2000).

The WCJ's amended Finding of Fact 16, as stated in Finding of Fact 5 in his May 8, 2001 decision, is supported by substantial competent evidence to the extent that it finds Claimant did not recant her earlier testimony that the pain in her hand caused her depression and that other factors, including work, attributed to the severity of it. Specifically, Claimant testified that she

---

May 8, 2000, p. 12 (emphasis added)). Therefore, at least initially, the Board viewed Claimant's claim as a physical/mental claim rather than a mental/mental claim.

3. On review, we are limited to determining whether constitutional rights were violated, an error of law was made, or whether the

necessary findings of fact are supported by substantial evidence. *Second Breath v. Workers' Compensation Appeal Board (Gurski)*, 799 A.2d 892 (Pa.Cmwlth.2002).

4. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2626.

is in a depressed mood because of the pain in her hand, in part, because she knows that there is no cure for carpel tunnel syndrome. (R.R. 195a) Her depression has caused her to avoid social situations, including participating in her daughters' activities, have a loss of appetite, resume smoking, and become easily tired. (*Id.* at 199a–200) She no longer cares about her appearance or her home and only thinks about the pain in her hand. (*Id.*) Her apathy toward her surroundings has caused fights with her husband. (*Id.* at 202a) Additionally, Claimant experiences crying fits and volatile behavior. (*Id.* at 206a–207a) She does not feel that she is either a good wife or good mother and, consequently, feels worthless. (*Id.* at 208a–209a).

After returning to work in November of 1996, Claimant was not given any substantive duties, which added to her depression, and was accused of faking her symptoms. (*Id.* at 226a, 241a) She testified that on either November 24 or 25, 1997, she had an incident at work where she felt she was being harassed. (*Id.* at 244a) With regard to the work incident on December 4, 1997, which ultimately resulting in Claimant being taken off work, Claimant admittedly testified that the incident did not result from her pain. (*Id.* at 243a) However, the work incident was the peak of her depression. As she testified, "It was just every-

thing that just kept building up and building up and building up." (*Id.*)

Although Claimant continued to work, it is quite clear from her testimony that she suffered from depression prior to December 4, 1997. On that date, the cumulative effects of her depression resulted in her inability to continue working. However, the origin of Claimant's psychological injury, *i.e.* depression, was her carpal tunnel syndrome, not the December 4, 1997 incident. That incident was caused by Claimant's psychological injury, since without carpal tunnel syndrome and the ensuing depression, Claimant's inability to work would not have been triggered on December 4, 1997. Thus, we conclude that the WCJ did not err in determining that Claimant's pain in her hand not only caused her depression but also was a substantial contributing factor to her depression at the time that she left work on December 4, 1997.[5]

Because the WCJ's findings of fact are supported by substantial evidence, we conclude that the WCJ was correct in his determination that Claimant's case fell within the "physical/mental" theory of psychological disabilities. Inasmuch as Claimant met her burden of proving that a physical stimulus resulted in a mental disability, we reverse the Board's order denying her workers' compensation benefits for the period of December 4, 1997 to May 5, 1998.[6]

---

5. Both *Davis* and *Daneker* are distinguishable from the present case. In those cases, the claimants alleged that they first suffered a mental injury that manifested itself either through mental or physical disabilities. In *Davis* the claimant alleged that he suffered post-traumatic stress disorder after he assumed the position of chief of police. The disorder manifested itself by shortness of breath, nervousness, twitching, and tremors in right hand. In Daneker, the claimant alleged that she suffered stress after being reassigned to different work duties. The claimant averred that the stress caused her to suffer

depression, as well as physical symptoms in the nature of agitation, nausea, abdominal pain and vomiting. In the case *sub judice*, Claimant alleged that she suffered depression as a result of pain in her hand related to her carpal tunnel syndrome. The inability to work resulted from the accumulated effects of her depression, which occurred after her work-related physical injury.

6. We further note that the WCJ found the medical report of Dr. McElhouse and Richard Berkey, M.D., to be credible wherein they opined that Employer's actions of placing

## ORDER

AND NOW, this 24th day of December, 2002, the June 11, 2002 order of the Workers' Compensation Appeal Board is REVERSED to the extent that it reversed the Workers' Compensation Judge's order granting Claimant's petition to review compensation to include depression.

Claimant in a lunchroom for an eight hour period "intensified the depression she [had] been experiencing as a result of her occupation related (Carpal Tunnel) to the point of her being unable to cope with going to work at all." (R.R. 262a).