Rachel SCIERKA, Petitioner

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF CORRECTIONS, STATE CORRECTIONAL INSTITUTION AT DALLAS, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 2, 2004.

Decided April 1, 2004.

Publication Ordered June 23, 2004.

Joseph F. Iracki, Kingston, for petitioner.

Raymond W. Dorian, Camp Hill, for respondent.

BEFORE: PELLEGRINI, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

Rachel Scierka (Claimant) petitions for review of an order of the Department of Corrections (Department) adopting the proposed findings of fact and conclusions of law of its hearing examiner (hearing

examiner) and denying Act 632[1] benefits to Claimant. We affirm.

Claimant was employed at SCI–Dallas as a psychological services specialist. In April 2001, while Claimant was counseling a male inmate in the restricted housing unit (RHU), the inmate reached his hand through the bars of his cell and touched her right breast while she was distracted taking notes.

Immediately, Claimant reported the incident to the shift lieutenant, was examined in the infirmary, and provided a statement to a state police trooper.[2] Later that day, Claimant had lunch with other staff members. Individuals who were present, including the superintendent, later testified Claimant's demeanor seemed fine and upbeat. One corrections officer described her mood at lunch as "very carefree, very light." Reproduced Record (R.R.) at 39a.

That afternoon, Claimant attended a meeting with her supervisor and a colleague who previously complained about her job performance. At the meeting, Claimant was informed of allegations that she took too much time off and that she talked excessively about intimate personal matters. Although Claimant became agitated about these allegations, the two people at the meeting later testified she appeared unaffected by the RHU incident.

The next day, Claimant reported for work as scheduled. She attended a meeting with the deputy superintendent and

several supervisors. At the meeting, Claimant expressed anger about her colleague's allegations and about rumors regarding her personal life. She did not raise the issue of the RHU incident. However, that issue was raised by others, and they recommended she see an outside medical provider. Claimant left work and, on the advice of her psychiatrist, Dr. Anil Rai (Claimant's Psychiatrist), never returned.

Claimant has a significant mental health history. Prior to the RHU incident, Claimant was under the care of various psychiatrists for depression, anxiety, and panic attacks. She received psychotropic medications. Four months before the RHU incident, Claimant was hospitalized after expressing suicidal thoughts. One month before, she overdosed on prescription medications.

Claimant filed a claim for Act 632 benefits and a separate claim for workers' compensation benefits. A hearing examiner held an Act 632 hearing. At the start of the hearing, Claimant sought a non-prejudicial withdrawal of the claim, pending a decision in workers' compensation proceedings. The Department objected to the withdrawal, arguing the workers' compensation proceedings were not controlling. Also, the Department argued six witnesses traveled considerable distances and were ready to testify. The hearing examiner denied the withdrawal and requested Claimant proceed with her case-in-chief.

---

1. Section 1 of the Act of December 8, 1959, P.L. 1718, No. 632, *as amended* (Act 632), 61 P.S. § 951, *repealed in part, not here relevant,* by Section 9(b)(2) of the Act of October 4, 1978, P.L. 909. Act 632 provides, in relevant part:

> Any employe of a State penal or correctional institution under the Bureau of Correction of the Department of Justice ... who is injured during the course of his employment by an act of any inmate or any person confined in such institution ... shall be

> paid, by the Commonwealth of Pennsylvania, his full salary, until the disability arising therefrom no longer prevents his return as an employe of such ... institution at a salary equal to that earned by him at the time of his injury.

61 P.S. § 951.

2. Criminal charges were subsequently filed against the inmate, who pled guilty to indecent assault.

In addition to her own testimony, Claimant presented a certified copy of the inmate's guilty plea and the deposition testimony of her psychiatrist. Claimant's Psychiatrist opined the RHU incident resulted in Claimant suffering acute stress disorder and, ultimately, post-traumatic stress disorder (PTSD). He indicated these mental health problems precluded Claimant's return to work.

The Department presented the testimony of six witnesses who observed Claimant's demeanor immediately after the RHU incident and described her as "upbeat and fine." Another colleague related Claimant's post-incident admission of the touching as "removing a piece of lint from her sweater." R.R. at 19a.

The Department also presented the deposition testimony of Dr. Timothy Michals (Department's Psychiatrist). He testified that testing did not reveal the presence of PTSD. Also, Claimant did not exhibit any of the classic signs of the disorder. Further, PTSD is usually triggered by potentially life-threatening incidents, and the RHU incident was not a sufficient trigger. He diagnosed Claimant with major depression predating the RHU incident.

The hearing officer recommended denial of Act 632 benefits. The hearing examiner specifically accepted the testimony of Department's Psychiatrist as more credible than Claimant's Psychiatrist. R.R. at 336a–337a. Also, the hearing examiner found the testimony concerning Claimant's demeanor immediately after the incident particularly relevant; her demeanor at this time was inconsistent with trauma. Specifically, the hearing officer determined:

> While there is enough evidence to support the claim that a physical stimulus did occur, the Hearing Examiner does not find enough evidence to show that this physical stimulus resulted in post-traumatic stress disorder. There are simply too many other factors that may have contributed to Claimant's continued stress and anxiety to isolate this one particular incident as debilitating and as is the testimony of [Department's Expert] that this type of incident would not cause PTSD.

\* \* \*

> Since Claimant cannot establish that the physical stimulus she endured on April 30, 2001, caused a mental disability, she is unable to establish an "injury" as required to obtain Act 632 benefits. Since there was no injury resulting from the incident at issue, the Hearing Examiner does not need to analyze whether the disability prevents Claimant's return to work.

R.R. at 321a, 332a. After categorizing Claimant's claim as mental/mental, the hearing examiner also noted:

> Even if it could be determined that Claimant suffers PTSD from the incident on April 30, 2001, Claimant is not entitled to benefits under Act 632 since she failed to establish abnormal working conditions in the RHU. She testified that she was aware of the risk of being assaulted by an inmate in her position as Psychological Services Specialist.

R.R. at 332a.

While the hearing examiner's recommendation was pending before the Secretary of the Department of Corrections (Secretary), a workers' compensation judge (WCJ) issued a decision granting Claimant workers' compensation benefits for a psychic injury arising from the RHU incident. Specifically finding that Claimant was groped by the inmate in the RHU, the WCJ determined:

> 13. After a careful review and consideration of the entire evidence of record, the Judge finds as more credible and persuasive the testimony of Claimant

and [Claimant's Psychiatrist] and based upon the same, together with the other evidence of record, this Judge finds the Claimant sustained a work-related injury on April 30, 2001 in the nature of acute stress disorder which developed into the category of post traumatic stress disorder.

WCJ Op. at 6. Thereafter, the Secretary adopted its hearing examiner's findings of fact and conclusions of law and denied Claimant Act 632 benefits.

Claimant now petitions this Court for review presenting four arguments.[3] First, Claimant argues the doctrine of collateral estoppel precluded findings contrary to those of the WCJ. Second, Claimant asserts the Department erred by not granting Claimant's request to withdraw her Act 632 claim without prejudice pending a determination in the workers' compensation proceedings. Third, Claimant contends the Department erred in characterizing her claim as a mental/mental case requiring proof of abnormal working conditions. Finally, Claimant asserts the Department's determination was not supported by substantial, competent evidence.

Claimant argues the doctrine of collateral estoppel precludes the Department from making findings contrary to those of the WCJ. She emphasizes the WCJ specifically made factual determinations regarding the inmate's role in Claimant's injury and the inability of Claimant to earn a salary equal to that earned by her at the time of her injury. She emphasizes these findings are sufficient to establish the criteria of Act 632, which require the employee to be injured "by an act of any inmate ... preventing [her] return as an employee of such department ... at a salary equal to

that earned by [her] at the time of [her] injury." 61 P.S. § 951.

This Court recently addressed this issue in *Cantarella v. Dep't of Corr.*, 835 A.2d 870 (Pa.Cmwlth.2003), where a food services instructor at a correctional institution was touched on the buttocks by an inmate. Claiming the incident caused disabling PTSD, the claimant filed for both workers' compensation and Act 632 benefits. While a WCJ granted workers' compensation benefits, as here, the Department later denied Act 632 benefits. Relying on the distinct requirements for Act 632 benefits, this Court rejected the application of the doctrine of collateral estoppel. We held a finding in workers' compensation proceedings does not preclude a contrary finding in Act 632 proceedings.

■ *Cantarella* controls. The doctrine of collateral estoppel does not preclude the Department from making findings contrary to those made by a WCJ in a collateral workers' compensation proceeding.

■ Next, Claimant argues that the hearing examiner erred by not granting leave to withdraw her Act 632 claim without prejudice pending resolution of the collateral workers' compensation proceeding. Because this Court holds the workers' compensation proceedings do not control the Act 632 proceedings, we reject Claimant's argument. Further, we discern no abuse of discretion by the hearing examiner here, where Claimant delayed her request until the Department appeared at the hearing with its witnesses.

■ Claimant next argues the hearing examiner erred in classifying her injury as "mental/mental" rather than "physi-

---

3. Pursuant to Section 704 of the Administrative Agency Law, our review is limited to determining whether the agency's decision is supported by the evidence, whether it committed an error of law or whether it violated the appellant's constitutional rights. 2 Pa. C.S. § 704.

cal/mental." Psychic claims are divided into three categories: (1) the "mental/physical" injury where a psychological stimulus causes a physical injury, (2) the "physical/mental" injury where a physical stimulus causes a psychic injury and (3) the "mental/mental" injury where a psychological stimulus causes a psychic injury. *Bogdanski v. Workers' Comp. Appeal Bd. (City of Pittsburgh)*, 813 A.2d 949 (Pa. Cmwlth.2002). "The distinction is highly relevant, as the classification determines the claimant's burden of proof." *Bogdanski*, 813 A.2d at 952. In "mental/physical" and "mental/mental" claims, the claimant bears the burden of showing abnormal working conditions. *Id.* In "physical/mental" claims, claimant need only demonstrate that a physical stimulus resulted in a mental disability. *Donovan v. Workers' Comp. Appeal Bd. (Acad. Med. Realty)*, 739 A.2d 1156 (Pa.Cmwlth.1999), *appeal denied*, 563 Pa. 678, 759 A.2d 924 (2000).

The hearing examiner determined Claimant's action was a mental/mental claim and found physical touching by inmates was not an abnormal working condition in the RHU. Claimant argues the classification of her claim as mental/mental was error because her psychic injury was caused by a specific physical stimulus, the inmate's groping of her breast. Accordingly, she asserts her claim was physical/mental and proof of abnormal working conditions was unnecessary.

However, all three categories of psychic claims require the claimant prove the existence of a work-related disability. The Department's primary reason for denying benefits was Claimant's failure to prove the existence of a work-related disability. Relying on Department Psychiatrist's testimony, the Department determined Claimant did not suffer from PTSD or any

psychic condition related to the RHU incident. It found her psychic conditions predated the RHU incident and were not work-related. As a work-related disability is necessary for both mental/mental and physical/mental claims, any error the hearing examiner may have committed in requiring proof of abnormal conditions was harmless.

■ Finally, Claimant argues the Department's determination that she failed to establish the existence of work-related PTSD was not supported by substantial evidence. Specifically, Claimant challenges Department's Psychiatrist's testimony referencing evidence that conflicts with his analysis. Further, she claims the Department's Psychiatrist failed to consider whether the RHU incident aggravated her pre-existing psychiatric condition.

■ Claimant's argument focuses on evidence that conflicts with Department's findings. She essentially asserts the Department's findings go against the weight of the evidence. Determinations regarding the weight and credibility of witness testimony in a disability case are the province of the factfinder. *Mihok v. Dep't of Pub. Welfare*, 670 A.2d 227 (Pa.Cmwlth. 1996). "The [factfinder] is free to accept or reject the testimony of any witness, including a medical witness, in whole or in part." *Mihok*, 670 A.2d at 231. Our review is limited to whether his determinations are supported by substantial evidence. 2 Pa.C.S. 704.

A review of the record indicates the Department's finding that the incident did not cause Claimant to suffer PTSD is supported by substantial evidence. Specifically, Department's Psychiatrist provided an unequivocal opinion supporting this conclusion.[4]

---

4. Claimant also argues various other findings
are not supported by substantial evidence.

Accordingly, the Department's order denying Claimant Act 632 benefits is affirmed.

### ORDER

AND NOW, this 1st day of April, 2004, the decision of the Department of Corrections is AFFIRMED.

These include a finding that the concerns presented to Claimant about her work performance gave her reason to fabricate or exaggerate the incident and a finding that the inmate only removed a piece of lint from her sweater. As these findings are independent of the controlling finding that Claimant suffered no work-related disability, we need not address them.