IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mercy Catholic Medical Center,      :
                Petitioner      :
     :
         v.      :
     :
Debra Ryan (Workers'      :
Compensation Appeal Board),      :      No. 554 C.D. 2022
                Respondent      :      Submitted: September 15, 2023

BEFORE:      HONORABLE RENÉE COHN JUBELIRER, President Judge
                   HONORABLE CHRISTINE FIZZANO CANNON, Judge
                   HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON            FILED: October 16, 2023

       Mercy Catholic Medical Center (Employer) petitions for review of a May 9, 2022 order of the Workers' Compensation Appeal Board (Board) on appeal from a decision and order of a workers' compensation judge (WCJ). The WCJ ordered medical-only payments until August 11, 2020, but otherwise denied the claim petition filed by Debra Ryan (Claimant) and also denied Claimant's penalty petition. Employer's Br., App. B (WCJ's Op.). On appeal, the Board affirmed the WCJ's denial of workers' compensation (WC) benefits after August 11, 2020, reversed the WCJ's denial of the claim petition as it related to aggravation of Claimant's preexisting anxiety and depression, and remanded to the WCJ for a determination of appropriate litigation costs. Employer's Br., App. A (Bd.'s Op.).

The only issue on appeal to this Court is the award of benefits relating to aggravation of Claimant's preexisting anxiety and depression. Upon review, we reverse the Board's award of WC benefits on that issue.

## I. Background

Claimant alleged that she suffered an injury to her right shoulder on January 27, 2020, while working as a certified nursing aide. Reproduced Record (RR) at 4a, 41a-42a & 146a. Employer accepted Claimant's injury by a medical-only Notice of Temporary Compensation Payable (NTCP) related to "sprain or strain of the shoulder/arm" that later converted by operation of law to a Notice of Compensation Payable (NCP). *Id.* at 43a, 341a & 343a.

Claimant received treatment for her injuries, and Employer offered her a light-duty position taking orders from doctors, answering telephones, assisting with patient discharges, and entering information into computers, at no loss of pay. RR at 44a-45a. Claimant testified that she tried to perform the light-duty job, but it made her uncomfortable and anxious, and she was unable to concentrate. *Id.* at 46a & 139a-42a. She informed Employer that she preferred to seek family and medical leave because of her issues with anxiety in the light-duty position; however, she did not complete the paperwork to do so. *Id.* at 51a, 62a & 69a. Ultimately, Claimant was terminated from her employment for not attending work. *Id.* at 51a-53a. She collected unemployment benefits from March 27, 2020 to March 27, 2021. *Id.* at 145a.

On April 16, 2020, Claimant filed a WC claim petition seeking ongoing temporary total disability benefits.[1] She alleged both physical disability and an

---

[1] Claimant also filed a penalty petition, which was denied and which is not at issue on review in this Court.

aggravation of previously existing anxiety and depression. RR at 4a. On May 26, 2020, Employer filed an answer denying all material allegations of the claim petition. *Id.* at 8a. It is undisputed that the answer was not timely filed.

Claimant presented evidence in support of her claim petition that included her testimony at hearings on June 17, 2021 and September 22, 2021. Claimant's evidence recounted her extensive history of medical treatment and therapy for anxiety and depression, including a suicide attempt, during the 20-year period preceding her work injury. *See* RR at 47a-48a, 50a, 65a-67a, 72a & 159a. Claimant also offered the deposition testimony of her medical witnesses, Miteswar Purewal, M.D. (Dr. Purewal) and Justin Wiley, Psy.D (Dr. Wiley).

Dr. Purewal is board certified in anesthesia and pain management. RR at 182a. He diagnosed Claimant's work injury as "cervical radiculopathy, cervical facet syndrome, and right shoulder internal derangement" and testified that she was capable of doing some light-duty work as tolerated, with frequent breaks and changes of position. *Id.* at 196a-97a.

Dr. Wiley, a clinical psychologist, opined that some of Claimant's psychological problems are related to chronic pain and "some are independent of chronic pain but they sort of go together." RR at 232a & 237a. He acknowledged Claimant's "longstanding history of problems with both depression and anxiety dating back to when she was about 19," her diagnosis of "generalized anxiety disorder," and her preexisting treatment regimen of psychiatric medications. *Id.* at 238a & 243a. Dr. Wiley opined that the pain from Claimant's injury exacerbated her preexisting anxiety and depression and that the stress of the light-duty position caused further exacerbation. *Id.* at 238a-39a. However, Dr. Wiley also expressed

concern that the medications prescribed to Claimant might actually be "contributing to her anxiety." *Id.* at 242a; *see also id.* at 247a & 250a-52a.

Employer presented the testimony of Claimant's supervisor, Debbie Edwards (Edwards). Edwards explained the light-duty post-injury job offered to Claimant, the difficulties Claimant expressed regarding her anxiety over that position, and the circumstances of Claimant's termination from employment. RR at 90a-122a.

Employer also presented the deposition testimony of Stephen Mechanick, M.D. (Dr. Mechanick), a practicing psychiatrist and forensic psychiatrist who is board certified in psychiatry.[2] RR at 350a. Dr. Mechanick noted that Claimant's records from her treating doctor indicated previous diagnoses of "major depression, recurrent moderate and generalized anxiety disorder" that had not been identified as causally related to Claimant's employment. *Id.* at 355a. Dr. Mechanick similarly noted that Dr. Wiley's initial evaluation of Claimant in April 2020 identified possible post-traumatic stress disorder but did not identify a cause. *Id.* at 358a. Claimant provided a history to Dr. Mechanick in April 2021, in which she indicated that she had been hospitalized for psychiatric treatment after attempting suicide "a couple of years" before, *i.e.*, prior to her work injury. *Id.* at 345a & 358a-59a. Claimant informed Dr. Wiley of crying spells related to thoughts about her mother, who died of cancer in 1999; Claimant stated that she began counseling for depression at that time and has continued with counseling and psychiatric treatment ever since. *Id.* at 361a & 365a. Claimant did not report to Dr. Mechanick any psychiatric problems directly related to her work injury. *Id.* at 369a.

---

[2] Employer additionally provided the deposition testimony of Donald Leatherwood III, M.D. (Dr. Leatherwood), an orthopedic surgeon. RR at 313a. Dr. Leatherman's testimony concerned Claimant's physical injury and is not pertinent here.

4

Her medical records, including those by the doctor who treated her after her work injury, likewise did not indicate any psychiatric problems resulting from the injury. *Id.* at 370a. Dr. Mechanick acknowledged that Claimant "did have some anxiety and discomfort while training" for the light-duty position, but he opined that it "didn't cause her to develop depression or exacerbate her preexisting depression." *Id.* Dr. Mechanick did not believe Claimant's depressive disorder was affected by either her injury or the light-duty position. *Id.* at 371a. Thus, he opined that Claimant's alleged underlying anxiety and depression were not aggravated by the work injury and, from a psychiatric standpoint, she was able to work. *Id.* at 372a-73a.

On November 5, 2021, the WCJ circulated a Decision and Order, denying the claim petition, in part. The WCJ granted Claimant's motion to deem all well-pleaded factual averments of the claim petition admitted because of Employer's failure to file a timely answer, pursuant to this Court's holding in *Yellow Freight System, Inc. v. Workmen's Compensation Appeal Board (Madara)*, 423 A.2d 1125 (Pa. Cmwlth. 1981). However, the WCJ determined that the injuries Claimant asserted in the claim petition, including aggravation of her preexisting anxiety and depression, were not well pleaded, thus allowing Employer to offer evidence refuting Claimant's alleged injuries. Bd.'s Op. at 2. Relevant here, the WCJ denied the claim petition as to aggravation of Claimant's preexisting anxiety and depression.

Claimant appealed to the Board, which affirmed in part, reversed in part, and remanded in part. *See* Bd.'s Op. Pertinent here, the Board reversed the WCJ's determination that Claimant's averments in the claim petition regarding

5

aggravation of her preexisting anxiety and depression were not well pleaded.[3] *Id.* at 3. Therefore, the Board concluded that Employer's untimely answer constituted a deemed admission of the aggravation of Claimant's preexisting anxiety and depression and that the WCJ should have granted the claim petition as to a resulting disability. *Id.* at 11. The Board also rejected the testimony of Dr. Mechanick as incompetent because his opinion that Claimant did not suffer an aggravation of her preexisting anxiety and depression contravened Employer's deemed admission as found by the Board. *Id.* at 12.

## II. Issues[4]

Employer raises three issues for review by this Court.

---

[3] The Board affirmed the portion of the WCJ's decision determining that Claimant recovered from her injury as of August 11, 2020. The Board also remanded the matter to the WCJ for a calculation and award of costs to Claimant. On remand, by order dated September 28, 2022, the WCJ acknowledged Employer's payment of costs and marked the remand as withdrawn. Employer's Br., App. D (WCJ's Order on Remand). Neither of those rulings has been appealed.

[4] In an order dated July 11, 2022, this Court directed the parties to address in their briefs whether the Board's decision was appealable. Presumably, this directive arose from the Board's partial remand, which would normally render the Board's decision interlocutory and non-appealable. *See generally Jones v. Workers' Comp. Appeal Bd. (Steris Corp.)*, 874 A.2d 717 (Pa. Cmwlth. 2005). However, Employer's subsequent payment of costs, as confirmed in the WCJ's September 28, 2022 order, Employer's Br., App. D, as well as the related withdrawal of the penalty petition, as confirmed in a WCJ order circulated on September 9, 2022, Employer's Br., App. C, rendered the Board's order final and appealable. Accordingly, we will treat the petition for review as properly filed even though it was filed before the order was final. *See* Pa.R.A.P. 1511 (providing that "[f]ailure of a petitioner for review to take any step other than the timely filing of a petition for review does not affect the validity of the review proceeding but is grounds only for such action as the appellate court deems appropriate . . .") & Explanatory Comment (explaining that any defect in the petition for review procedure is waivable except untimely filing of the petition for review).

We note that the WCJ's orders of September 9 and 28, 2022 are not part of the agency record. *See* Employer's Br. at 3 n.2 (noting that Employer's attachment of the orders to its brief was "for informational purposes"). However, Rule 1951(b) of the Pennsylvania Rules of Appellate Procedure provides:

First, Employer asserts that the WCJ's findings of fact were supported by substantial evidence, in that the WCJ properly determined that Claimant's claimed injuries were not well pleaded and Employer was not precluded from presenting evidence in opposition to the claim petition. Accordingly, Employer contends that the Board erred by partially reversing the WCJ's denial of the claim petition.

Second, Employer maintains that the WCJ properly determined that Claimant did not suffer a work-related aggravation of her preexisting anxiety and depression or a resulting disability. Employer argues that the WCJ's determination was supported by substantial evidence, and therefore, the Board erred by reversing the WCJ's decision on that issue.

Third, Employer posits that it sustained its burden to rebut the legal presumption of disability or continuing disability related to the alleged aggravation of Claimant's preexisting anxiety and depression. Employer similarly insists that the Board erred in concluding that the testimony of Employer's medical expert was not legally competent to prove that Claimant's alleged psychological injury had ceased or that she had become capable of working.

---

> If anything material to any party is omitted from the record or is misstated therein, the parties may at any time supply the omission or correct the misstatement by stipulation, or the court may at any time direct that the omission or misstatement be corrected and, if necessary, that a supplemental record be prepared and filed. Failure of the agency to transmit part of the record of agency proceedings to the appellate court shall not be the basis for a finding of waiver.

Pa.R.A.P. 1951(b). Both parties aver that Employer paid the agreed costs. *See* Employer's Br. at 2-3; Claimant's Br. at 9 n.1. Therefore, pursuant to Rule 1951(b), we deem the record corrected to include the WCJ's September 9 and 28, 2022 orders, without the necessity of filing a supplemental record.

## III. Discussion

This Court has often observed:

> In a workers' compensation proceeding, the WCJ is the ultimate finder of the facts . . . . Thus, determinations as to witness credibility and evidentiary weight are within the exclusive province of the WCJ and are not subject to appellate review, absent a lack of substantial evidence to underpin those determinations. As the fact finder, the WCJ is entitled to accept or reject the testimony of any witnesses, including a medical witness, in whole or in part.

*Chik-Fil-A v. Workers' Comp. Appeal Bd. (Mollick)*, 792 A.2d 678, 687-88 (Pa. Cmwlth. 2002) (first citing *Hayden v. Workmen's Comp. Appeal Bd. (Wheeling Pittsburgh Steel Corp.)*, 479 A.2d 631 (Pa. Cmwlth. 1984); and then citing *Gen. Elec. Co. v. Workmen's Comp. Appeal Bd. (Valsamaki)*, 593 A.2d 921 (Pa. Cmwlth. 1991)). Accordingly, our review of the Board's order is limited to determining whether the WCJ's necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed. *Chik-Fil-A*, 792 A.2d at 685 n.8 (additional citation omitted). "It is the purpose of the reviewing board and/or appellate court to review the WCJ's conclusions of law, while at the same time ascertaining that the facts found by the WCJ are supported by substantial evidence." *Id.* With these applicable standards in mind, we address Employer's issues raised for review.

### A. Deemed Admission of Well-Pleaded Averments

Employer first asserts that, although it filed its answer to the claim petition late, it was not precluded from asserting affirmative defenses to the claim petition. Employer posits that the WCJ was correct in finding that portions of Claimant's petition were not well pleaded, and therefore, those averments were not

deemed admitted as a result of Employer's late answer. We agree with Employer that the portion of the claim petition relating to aggravation of a preexisting anxiety and depression was not well pleaded and that Employer was not precluded from offering evidence on that issue.

> Section 416 of the WC Act[5] provides:
>
> Within twenty days after a copy of any claim petition or other petition has been served upon an adverse party, he may file with the department or its [WCJ] an answer in the form prescribed by the [D]epartment [of Labor and Industry].
>
> Every fact alleged in a claim petition not specifically denied by an answer so filed by an adverse party shall be deemed to be admitted by him. But the failure of any party or of all of them to deny a fact alleged in any other petition shall not preclude the [WCJ] before whom the petition is heard from requiring, of his own motion, proof of such fact. If a party fails to file an answer and/or fails to appear in person or by counsel at the hearing without adequate excuse, the [WCJ] hearing the petition shall decide the matter on the basis of the petition and evidence presented.

77 P.S. § 821. Here, Employer's answer was due by May 7, 2020, but Employer did not file its answer until May 26, 2020. Accordingly, the deemed admission provision of Section 416 was triggered.

In *Yellow Freight*, this Court held that where an answer is untimely, the WCJ must proceed as though no answer has been filed and must "decide the matter on the basis of the petition and evidence presented . . . by the *petitioner*." 423 A.2d at 1127 (emphasis original). Subsequently, in *Heraeus Electro Nite Co. v. Workmen's Compensation Appeal Board (Ulrich)*, 697 A.2d 603 (Pa. Cmwlth. 1997), *appeal dismissed*, 721 A.2d 1095 (Pa. 1999), we explained:

---

[5] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

9

> This does not necessarily mean, however, that the case is over merely because the employer failed to file a timely answer. Failure of an employer to timely file an answer is not the equivalent of a default judgment. The claimant still bears the burden of proving all elements necessary to support an award of compensation. To the extent that a claim petition does not allege all the facts necessary to support all the elements necessary in presenting the claim, the claimant must proffer such evidence before the WCJ to sustain her burden of proof. Therefore, any evidence introduced before the WCJ regarding facts that were not well[ ]pleaded in the claim petition may be rebutted by evidence presented by the defendant. Such rebuttal is permitted because the WCJ cannot deem the defendant to have admitted, by operation of law, specific facts or averments not present in the claim petition itself.

*Id.* at 608. Averments deemed admitted typically include such facts as notice, wage rate, and the date and place of the injury; however, "questions of law are reviewable and cannot be waived by the failure to file a timely answer." *Chik-Fil-A*, 792 A.2d at 688 (citing *D'Errico v. Workers' Comp. Appeal Bd. (City of Phila.)*, 735 A.2d 161 (Pa. Cmwlth. 1999) (*en banc*)).

Notably, a claimant retains her "burden to establish all the elements necessary to support an award of benefits, including proof of a causal relationship between her injury and her disability through competent medical testimony." *Sw. Airlines v. Workers' Comp. Appeal Bd. (King)*, 985 A.2d 280, 288 (Pa. Cmwlth. 2009). Specifically, "whether an injury is causally related to employment requires a legal determination"; as such, it cannot be established by default based on an employer's late answer to a claim petition. *Ascencio v. Workers' Comp. Appeal Bd. (Commonwealth/Dep't of Corr.)* (Pa. Cmwlth., No. 471 C.D. 2017, filed Nov. 28,

10

2017), slip op. at 9[6] (first citing *Neidlinger v. Workers' Comp. Appeal Bd. (Quaker Alloy/CMI, Int'l)*, 798 A.2d 334 (Pa. Cmwlth. 2002); then citing *Dandenault v. Workers' Comp Appeal Bd. (Phila. Flyers, Ltd.)*, 728 A.2d 1001 (Pa. Cmwlth. 1999); and then citing *D'Errico*).

Moreover, the claimant must "relate the alleged work injury to the period for which [s]he seeks compensation." *Ascencio*, slip op. at 9. In *Chik-Fil-A*, we clarified that while a late answer bars an employer from asserting affirmative defenses to the allegations in the claim petition, the claimant is entitled only to "a rebuttable presumption that her disability continues after the last date that the employer should have filed an answer. [The e]mployer is not barred, therefore, from presenting evidence itself, or attempting to discredit the [c]laimant's evidence, to rebut the presumption that the [c]laimant's disability continues into the indefinite future." 792 A.2d at 689; *see also Heraeus*, 697 A.2d at 609 (observing that, notwithstanding its late answer, the employer was still entitled to "prove a reduction or cessation of the facts alleged in the petition, such as the extent of disability existing after the last day on which [the e]mployer should have filed its answer").

Here, the description of injury in the claim petition stated simply: "Right shoulder. And aggravation of preexisting anxiety and depression[.]" RR at 3a. We agree with Employer that the claim petition did not present a well-pleaded averment regarding the alleged aggravation of Claimant's preexisting anxiety and depression. There was a complete absence of explanation of this alleged injury. The vagueness of the averment is illustrated by Claimant's failure even to indicate whether the alleged aggravation arose from the shoulder injury itself or from

---

[6] This unreported decision is cited as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

11

Claimant's emotional discomfort with the light-duty job Employer offered her thereafter. As this Court has explained:

> For purposes of receiving [WC] benefits under the [WC] Act . . . , the influence of the psychological element has been divided into three categories: (1) the "mental/ physical" injury where a psychological stimulus causes a physical injury, (2) the "physical/mental" injury where a physical stimulus causes a psychic injury and (3) the "mental/mental" injury where a psychological stimulus causes a psychic injury . . . . The distinction is highly relevant, as the classification determines the claimant's burden of proof. In "mental/physical" and "mental/ mental" claims, the claimant bears the burden of showing abnormal working conditions . . . . In "physical/mental" claims, the claimant need only demonstrate that a physical stimulus resulted in a mental disability. . . .

*Bogdanski v. Workers' Comp. Appeal Bd. (City of Pittsburgh)*, 813 A.2d 949, 952 (Pa. Cmwlth. 2002) (first citing *Ryan v. Workmen's Comp. Appeal Bd. (Cmty. Health Servs.)*, 707 A.2d 1130 (Pa. 1998); and then citing *Donovan v. Workers' Comp. Appeal Bd. (Acad. Med. Realty)*, 739 A.2d 1156 (Pa. Cmwlth. 1999)) (additional citations omitted). Here, the vagueness of Claimant's averment of an aggravation of preexisting anxiety and depression failed to relate the alleged aggravation to either work injury or the light-duty position and was insufficient to establish the applicable burden of proof. For these reasons, we conclude that averment was not well pleaded.

Moreover, the record as a whole appears to relate the alleged aggravation mainly to the stress Claimant avers she suffered in trying to learn the light-duty job. *See, e.g.*, RR at 90a-122a & 369a-70a. However, the claim petition made no mention of the light-duty position. Thus, to the extent that Claimant's light-duty assignment allegedly caused an aggravation of her preexisting anxiety and

12

depression, we conclude that the causal connection between Claimant's shoulder injury and such alleged aggravation was not well-pleaded.

Accordingly, we conclude that Employer did not lose its ability to contest that issue by filing a late answer to the claim petition. The Board erred in determining otherwise.

### B. Aggravation of Preexisting Anxiety and Depression

Employer next asserts that the Board erred in reversing the WCJ's determination that Claimant failed to sustain her burden of proving a work-related aggravation of her preexisting anxiety and depression. Employer posits that the record contains substantial evidence to support the WCJ's findings, including Claimant's extensive and longstanding treatment for anxiety and depression, the WCJ's credibility findings regarding the expert opinion of Employer's medical witness, and the lack of credibility of Claimant's testimony on the issue. We agree.

As we explained in *Chik-Fil-A*,

> [a]n employee who experiences an injury based on the aggravation of a pre-existing condition is entitled to benefits if she shows that the aggravation arose in the course of employment, the aggravation was related to the employment, and disability resulted . . . . To show that an injury was related to employment, the employee must establish a causal connection between work and the injury . . . . When the connection between the injury or the aggravation and work is not obvious, unequivocal medical testimony is necessary . . . . Moreover, where a claimant had an underlying condition that is not work related, she must show continuing existing disability in order to receive benefits.

13

792 A.2d at 688-89 (first citing *Povanda v. Workmen's Comp. Appeal Bd. (Giant Eagle Mkts., Inc.)*, 605 A.2d 478 (Pa. Cmwlth. 1992); and then citing *McCabe v. Workers' Comp. Appeal Bd. (Dep't of Revenue)*, 738 A.2d 503 (Pa. Cmwlth. 1999).

In *Ascencio*, this Court observed that a "significant gap between the alleged injury and the period of disability invites an explanation . . . ." Slip op. at 10. Where the claim petition did not offer such an explanation, and the causal connection between the work incident and the alleged disability was "not so obvious as to be clear to a layperson," the claimant was required to establish that causal connection by unequivocal medical evidence. *Id.* (citing and distinguishing *Cardyn v. Workmen's Comp. Appeal Bd. (Heppenstall)*, 534 A.2d 1389 (Pa. 1987)).

Here, Claimant did not allege any mental issues until about two months after her injury. Moreover, the claim petition did not explain any causal connection between either the injury or the stress of the light-duty position and the alleged aggravation of Claimant's preexisting anxiety and depression. These circumstances, together with the evidence of Claimant's serious and longstanding preexisting anxiety and depression, required Claimant to establish that causal connection through unequivocal medical evidence. *Ascencio*. However, the Board removed the Claimant's burden of proof by deeming the causal connection to be admitted. As explained in the previous section, that determination by the Board was error.

We agree with Employer that the record contains substantial evidence supporting the WCJ's fact and credibility findings. *See, e.g.*, RR at 238a & 243a (reciting Claimant's "longstanding history of problems with both depression and anxiety dating back to when she was about 19," her diagnosis of "generalized anxiety disorder," and her preexisting treatment regimen of psychiatric medications); *id.* at 242a, 247a & 250a-52a (opinion by Claimant's medical witness, Dr. Wiley, that

14

medications prescribed for Claimant's anxiety and depression since before her injury might be increasing her anxiety); *id.* at 355a (observation by Employer's medical witness, Dr. Mechanick, that Dr. Wiley's initial evaluation did not identify a cause of Claimant's mental issues); *id.* at 370a (observing that the medical records of the doctor who treated Claimant for her work injury did not indicate any psychiatric issues arising from the injury); WCJ's Op. at 10 (finding Claimant "not credible with respect to her lack of capability for the performance of the light-duty job as a result of her anxiety and depression because she contradicted herself during her subsequent testimony . . . and on the basis of her clearer thinking processes"). Accordingly, we cannot disturb those findings on appeal. *Chik-Fil-A*, 792 A.2d at 687-88.

## C. Competence of Medical Expert's Testimony

In its final argument, Employer maintains that the Board erred in determining that the opinion of Dr. Mechanick, one of Employer's medical experts, was incompetent. The Board found that Dr. Mechanick was not competent to testify that Claimant did not sustain an aggravation of her preexisting anxiety and depression, because such aggravation was a work-related injury that was established as a fact by Employer's late answer to the claim petition. As discussed in Section A above, we have concluded that Claimant's averment concerning aggravation of her preexisting anxiety and depression was not well pleaded, and therefore, Employer's lateness in answering the claim petition did not establish such aggravation as a fact. Accordingly, Dr. Mechanick's opinion on that issue was not incompetent for that reason.

We also agree with Employer that Dr. Mechanick did not base his opinion solely on the absence of any aggravation of Claimant's preexisting anxiety

15

and depression. Taking his testimony as a whole, Dr. Mechanick opined that Claimant was not psychologically disabled as a result of her work injury. *See, e.g.*, RR at 370a-73a. Employer correctly asserts that Dr. Mechanick's expert medical testimony, which the WCJ found credible, constituted substantial evidence rebutting any presumption of a work-related psychological disability. *See id.* Therefore, Dr. Mechanick's opinion was competent as rebuttal of any presumption of disability theoretically imposed under *Yellow Freight*.

We reiterate that we cannot disturb the WCJ's credibility findings. *Chik-Fil-A*, 792 A.2d at 687-88. We conclude that, contrary to the Board's determination, Dr. Mechanick's opinion was competent, was properly credited by the WCJ, and constituted substantial evidence in support of the WCJ's decision that Claimant suffered no work-related aggravation of her preexisting anxiety and depression. Therefore, the Board erred in reversing the WCJ's finding.

## IV. Conclusion

Based on the foregoing discussion, the Board's order reversing the WCJ's denial of that part of the claim petition relating to aggravation of Claimant's preexisting anxiety and depression is reversed.

_____
CHRISTINE FIZZANO CANNON, Judge


Judge Dumas did not participate in the decision of this case.

16

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mercy Catholic Medical Center,  :
                    Petitioner  :
                                 :
          v.  :
                                 :
Debra Ryan (Workers'  :
Compensation Appeal Board),  :   No. 554 C.D. 2022
                 Respondent  :

## O R D E R

AND NOW, this 16th day of October, 2023, the May 9, 2022 order of the Workers' Compensation Appeal Board reversing the workers' compensation judge's denial of the claim petition is REVERSED.

 

_____
CHRISTINE FIZZANO CANNON, Judge